**IN THE**
# United States District Court
# Eastern District of Pennsylvania
### CIVIL ACTION - ELECTION LAW

| | |
|---|---|
| **ROB MANCINI, et al**<br><br>        **Plaintiffs,**<br><br>                v.<br><br>**DELAWARE COUNTY, et al**<br><br>        **Defendants.** | Case No.:  2:24-cv-02425-KNS<br><br>CIVIL ACTION: VIOLATION OF FEDERAL ELECTION LAW REGARDING MAIL IN BALLOTS<br><br>**RESPONSE TO DEFENDANTS MOTION TO DISMISS**<br><br>INJUNCTION REQUESTED DISCOVERY REQUESTED ORAL ARGUMENTS REQUESTED JURY TRIAL REQUESTED |

## RESPONSE TO DEFENDANTS MOTION TO DISMISS

## INTRODUCTION

1. The subject complaint boils down to four (4) simple questions for the Honorable Court that deny(ied) Pro Se Plaintiffs' constitutional and civil rights and cause(d) them harm.

   a. Have the Defendants certified election machines in accordance with federal and state law for use in elections? No

   b. Have the Defendants performed secure build verifications of hardware and software used in election machines? No.

   c. Have the Defendants performed logic and accuracy testing of hardware, software and ballots in the election machines as required by federal and state law? No.

   d. For the Defendant to employ the use of election machines in a federal (national) election, are the above required certifications and tests required? Yes.

000001

### REGARDING DEFENDANTS MOTION TO DISMISS FOR RULE 12(b)(6)

2. Plaintiffs submitted a summary of their complaint in their opening paragraph, and thorough statement of claims that include violations of their constitutional and civil rights, in particular those pursuant to 42 USC 1983, and multiple other rights under the original jurisdiction of this Honorable Court.

3. The elements of a 42 USC 1983 claim are (1) the action was committed by a person acting "under color of state law," and (2) the action resulted in the deprivation of a constitutional right or federal statutory right.

4. Plaintiffs also presented specific controversies regarding federal questions of law that are within the original jurisdiction of this Honorable Court within the Basis of Jurisdiction and Statement of Claim sections of the format for submitting complaints to the federal courts, including 52 USC 21081(a)(5): "*Error Rates."*

5. Apart from the due process rights accorded all litigants in civil cases, Pro Se Plaintiffs assert their right to have the Honorable Court liberally construe their pleadings to allow them **"an opportunity to offer proof."** In *Haines v. Kerner*, The Supreme Court reversed a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which Defendants specify as a basis for their motion, for failure to state a claim under 42 U.S.C. § 1983. (See *Haines v. Kerner, 404 U.S. 519 (1972)*).

6. **"Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."** *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1959);

7. **"Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."** *Picking v. Pennsylvania R. Co.,* 151 Fed 2nd 240, Third Circuit.

8. **"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."** *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

000002

## REGARDING DEFENDANTS MOTION TO DISMISS FOR RULE 12(b)(1)

9. Defendants' attorneys curiously make Plaintiffs argument that the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, **in the light most favorable to the plaintiff**." *Machon v. Pennsylvania Dep't of Pub. Welfare*, 847 F. Supp. 2d 734, 743 (E.D. Pa. 2012).

10. While Defendants state Plaintiffs claims are "threadbare," nowhere in Defendants motion is there any particular response to Plaintiffs allegations because, in fact, Defendants have not performed the necessary testing to ensure safe and honest elections.

11. Defendants claim that case is "meritless," which Plaintiffs presume also falls under Defendants Rule 12(b)(1) argument, because of unsubstantiated and uncited "falsehoods" of Plaintiffs without entering any facts, is a matter for hearings, discovery, and jury trial requested by Plaintiffs.

12. Defendants' attorneys have perpetrated fraud upon the Honorable Court with their false narratives and knowing omissions riddled throughout motion to dismiss, and memorandum of law.

13. Defendants' self-serving legal conclusion that Plaintiffs' case is "meritless" is based on "other" uncited cases in which several of the subject complaint Plaintiffs are involved, most of which are still languishing and being delayed in appellate trajectories years after having been filed – not one of which has ever been heard on its merits.

14. Defendants motion is also dependent on "investigations" by the District Attorney and Pennsylvania Attorney General that never occurred by their own admissions, the fact of which, Defendants' attorneys are well aware of.

15. In fact, the "other" cases not cited by Defendants are (were) based on the fraudulent claim that District Attorney Jack Stollsteimer, and then Pennsylvania Attorney General (now Governor) Josh Shapiro conducted investigations, when they obstructed or did not perform at all. (See Exhibits A).

16. Defendants' attorneys claims that Plaintiffs have been "debunked" was the direct result of collusion with "Factcheck.org" for which said attorneys, who have entered appearances in this case, billed the Defendants to place false stories, and then pointed to those stories as "evidence" as they have here, and elsewhere.

17. Plaintiffs have the attorney billing receipts for Duane Morris LLP to Delaware County, Pennsylvania (see below).

| | |
|---|---|
| 12/5/2020 01565 JM PARKS | CORRESP RE INFO FOR MTAYLOR PRESENTATION |
| 12/7/2020 01565 JM PARKS | MEETING TO DISCUSS 2020 TAKE-AWAYS AND EARLY PLANS FOR 2021 ELECTION CYCLE; CORRESP RE RTKA REQUEST; CORRESP RE FACTS RE UPLOADING OF VCARDS FOR FACTCHECK.ORG |
| 12/8/2020 01565 JM PARKS | BOE RELATED CORRESP RE VARIOUS ELECTION ISSUES; REVIEW MATERIALS RE STENSTROM ALLEGATIONS; CORRESP RE SAME; CORRESP RE RTKA REQUEST REGARDING ELECTION MATERIALS; CORRESP RE NEW ELECTION CASE FILINGS; RESEARCH RE SAME |
| 12/9/2020 01565 JM PARKS | VARIOUS BOE RELATED CORRESP; CORRESP AND TEL CONF WITH JLICHTENSTEIN RE RTKA REQUEST REGARDING ELECTION MATERIALS |

*(Excerpt from Duane Morris LLP lawyer bills to Delaware County, PA)*

18. In *Savage v Trump, Stenstrom, Hoopes, et al*, (Case No: 211002495, Philadelphia Court of Common Pleas) Plaintiffs presented **irrefutable and undisputed evidence of massive election fraud adjudicated over 860-days** that the Honorable Court found admissible and meeting the burden of production corroborating defendants (here plaintiffs) Stenstrom and Hoopes **"truth is a complete defense"** to defamation claims in multiple discovery hearings.

19. In that case, the Honorable Judge Erdos, of the Court of Common Pleas of Philadelphia, also granted Stenstrom and Hoopes motion to find Plaintiff's attorney, J. Conor Corcoran, guilty of perpetrating fraud upon the court, and misconduct under Pa.RPC.

20. Defendants' attorneys conflate and confuse multiple courts refusals to hear cases on the merits; the procedural quashing of cases; the refusal to respond to cases at all amidst allegations of public corruption and judicial misconduct; all in denial of due process; as "winning."

21. *Stenstrom and Hoopes v Secretary of the Commonwealth Boockvar* (876 CD 2022, CommCt of PA) remains to be adjudicated, having languished for almost 1,000-days, in which Defendants (here) and Defendant's attorney J. Manly Parks (here), are among the only ones

000004

that remain of 38 defendants who have either been terminated or resigned due to the credibility of that lawsuit.

22. Further, while Plaintiffs are cognizant that opposing attorneys must vigorously defend their clients, here, the Defendants' attorneys are also participants and co-conspirators in wrongdoing, who have purposefully ordered the spoliation of evidence, unlawfully and knowingly "ordered" Defendants to violate federal and state laws on their behalf,  and violated numerous Pennsylvania Rules of Civil Procedure and Rules of Professional Conduct in cases that remain in both trial court and appellate trajectories.

23. Plaintiffs are very ably, and immediately, prepared to present proof of the above allegations regarding Defendants' attorneys' misconduct to the Honorable Court through certified court transcripts, physical evidence, and whistleblower testimony.

24. Defendants' attorneys are hopelessly conflicted participants pursuant to 204 Pa. Code Rule 1.7. who will be implicated in criminal violations of law when subject case moves to discovery and trial.

## REGARDING ROOKER-FELDMAN

25. *"Rooker-Feldman"* doctrine objections do not apply. Federal election law, mandated by the US Congress, plainly does not fall under *Rooker-Feldman*, which is a doctrine of civil procedure in the United States that holds that lower federal courts, excluding the Supreme Court, do not have jurisdiction to review state court decisions <u>unless Congress has specifically authorized such review</u>.

   a. Pro Se Plaintiffs are not requesting review of previous state court decisions, but rather petitioning the Honorable Court to **enforce** federal and state laws, and remedy Constitutional and (federal) Civil Rights violations.

   b. Clause 1 of the Election Clause states: *"The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but **the Congress may at any time by Law make or alter such Regulations**, except as to the Places of chusing (sic) Senators."*

000005

c. In *Moore v. Harper* (2023), the US Supreme Court rejected the "independent state legislature" theory, which would have given state legislatures unchecked power over federal election rules. While there have been, and are state court decisions regarding the constitutionality.

## REGARDING PLAINTIFFS STANDING AND HARM

26. Contrary to Defendants' attorneys claims that Plaintiffs are "private" citizens prohibited from bringing, all Plaintiffs are fulfilling statutory roles and duties prescribed by 25 P.S. Election Law.

27. Plaintiffs specified VERY particularized past and imminent harm, and concrete injuries in their subject complaint.

28. **Joy Schwartz**, resides at 514 Lombardy Road, Drexel Hill, Pennsylvania 19026. and is a qualified elector and resident of Delaware County. **She was a Republican candidate for Delaware County Council in May and November 2023**. She has previously, and is currently, fulfilling statutory role(s) defined by 25 P.S. § 3146.8 Election Code as a "certified poll watcher," and "authorized representative" for candidates in coming subject elections in November 2024. She is a Republican Committeewoman for Haverford Township, Delaware County, PA.

29. **Robert Mancini**, resides at 4 Guernsey Lane, Media, PA, 19063, and is a qualified elector and resident of Delaware County. He has previously, and is currently, fulfilling statutory role(s) defined by 25 P.S. § 3146.8 Election Code as a "certified poll watcher," and "authorized representative" for candidates in subject elections.

30. **Gregory Stenstrom**, resides at 1541 Farmers Lane, Glen Mills, PA, 19342 and is a qualified elector and resident of Delaware County. He has previously, and is currently, fulfilling statutory role(s) defined by 25 P.S. § 3146.8 Election Code as a "certified poll watcher," and "authorized representative" for candidates in subject elections. Stenstrom has been repeatedly, and unsuccessfully, sued, and sanctioned (seven (7) times) by Defendants, since November 2020, for fulfilling his statutory duties under 25 P.S.

000006

31. **Leah Hoopes**, resides at 241 Sulky Way, Chadds Ford, PA, 19317, and is a qualified elector and resident of Delaware County. He has previously, and is currently, fulfilling statutory role(s) defined by 25 P.S. § 3146.8 Election Code as a "certified poll watcher," and "authorized representative" for candidates in subject elections. She is a Republican Committeewoman for Bethel Township, Delaware County, PA. Hoopes has been repeatedly, and unsuccessfully, sued, and sanctioned (seven (7) times) by Defendants, since November 2020, for fulfilling her statutory duties under 25 P.S.

## SUMMARY

32. Defendants' attorneys chose to submit a Motion to Dismiss in lieu of meeting laches requirements for Preliminary Objections, Affirmative Defenses and New Matter, which were due July 1st, 2024.

33. Defendants spewed seventeen pages of procedural objections, none of which denied that Plaintiffs allegations are, in fact, true, while ignoring the content of Plaintiff's Complaint, which addressed the issues Defendants raised in their motion.

Respectfully submitted,

Robert Mancini, PRO SE
4 Guernsey Lane
Media, PA, 19063
610-506-9827

Joy Schwartz, PRO SE
514 Lombardy Road
Drexel Hill, Pennsylvania 19026
jschwartzpro@gmail.com
610-622-1958

000007

Gregory Stenstrom, PRO SE
1541 Farmers Lane,
Glen Mills, PA 19342
856-264-5495
gregorystenstrom@gmail.com

Leah Hoopes, PRO SE
241 Sulky Way
Chadds Ford, PA
leahfreedelcopa@protonmail.com
610-608-3548

000008

## VERIFICATION

We, Robert Mancini, Joy Schwartz, Gregory Stenstrom and Leah Hoopes, state that we are Pro Se Plaintiffs in this matter and are authorized to make this Verification on its behalf. We hereby verify that the statements made in the foregoing documents are true and correct to the best of our knowledge, information, and belief. This verification is made subject to the penalties of 19 Pa.C.S. § 4904 relating to unsworn falsification to authorities. Respectfully submitted,

Robert Mancini, PRO SE
4 Guernsey Lane
Media, PA, 19063
610-506-9827

Joy Schwartz, PRO SE
514 Lombardy Road
Drexel Hill, Pennsylvania 19026
jschwartzpro@gmail.com
610-622-1958

Gregory Stenstrom, PRO SE
1541 Farmers Lane,
Glen Mills, PA 19342
856-264-5495
gregorystenstrom@gmail.com

Leah Hoopes, PRO SE
241 Sulky Way
Chadds Ford, PA
leahfreedelcopa@protonmail.com
610-608-3548

000009

EXHIBIT A

**12 June 2024**

**FROM: GREGORY STENSTROM**
1541 Farmers Lane
Glenn Mills, PA 19342

**TO: MICHELLE A. HENRY** Attorney General
Pennsylvania Office of the Attorney General
Strawberry Square
Harrisonburg, PA 17120

**SUBJECT: ATTORNEY GENERAL JOSHUA D. SHAPIRO OBSTRUCTION OF, AND ATTEMPT TO OBSTRUCT, AN OFFICIAL PROCEEDING (CRIMINAL INVESTIGATION OF VOTER FRAUD), IN VIOLATION OF 18 U.S.C. § 1512(C)(2)[1] AND CONSPIRACY AGAINST RIGHTS, IN THE CASE OF GREGORY STENSTROM & OTHER UNNAMED INDIVIDUALS (OUI), PROPERLY REPORTING OUTCOME-DETERMINATIVE VOTER FRAUD OCCURRING WITHIN DELAWARE COUNTY, PENNSYLVANIA TO GOVERNMENTAL AUTHORITY, IN VIOLATION OF 18 USC § 241[2]**

**1.** Over **1,312** days have expired without criminal **INVESTIGATIVE** action being taken, into Allegations of **Outcome-Determinative Election Fraud** occurring during the **2020 United States Presidential Election/Pennsylvania Attorney General Election**, reported by **GREGORY STENSTROM**, Delaware County (**DELCO**) Pennsylvania Election Poll Watcher:

- Failure to conduct legitimate criminal investigation into outcome-determinative voter fraud in favor of engaging in **retaliation**[3] against Pennsylvania citizens clearly eroded public faith in the administration of the 2020 Presidential/Pennsylvania Attorney General Election conducted in Delaware County, (DELCO), Pennsylvania

---

[1] **18 U.S.C. § 1512(c)(2)- TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT**. *"(c) Whoever corruptly- (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both"* See, https://www.law.cornell.edu/uscode/text/18/1512

[2] **18 USC § 241- CONSPIRACY AGAINST RIGHTS**. *"If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same… They shall be fined under this title or imprisoned not more than ten years."* See, https://www.law.cornell.edu/uscode/text/18/241

[3] **RETALIATION FOR PROPERLY REPORTING ELECTION FRAUD**. The Supreme Court has defined **retaliation** as an **intentional act** in response to a **protected action**. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: **"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."** Gutierrez, 2005 WL 2346956, at *5. The complained of matter need not be a complaint; it can be **any lawful conduct** that an individual engages in connected with a protected right. "The very concept of retaliation is that the **retaliating party** takes action against the **party retaliated against** after, and because of, some **action** of the latter." Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "**getting even."** See, https://www.justice.gov/crt/fcs/T6Manual8

**1-4**

**2.** On 07 November 2020, **GREGORY STENSTROM** properly delivered an affidavit concerning **Outcome-Determinative** Election Fraud, to U.S. Attorney **WILLIAM M. McSWAIN**, discovered while serving as a registered poll watcher in Delaware County (DELCO) Pennsylvania during the 2020 Presidential/Pennsylvania Attorney General Election. See, https://www.pacourts.us/Storage/media/pdfs/20210603/212423-file-10838.pdf.

**3.** On 17 November 2020, Pennsylvania Attorney General **JOSHUA D. SHAPIRO** ordered his Criminal Investigations Division (**CID**), to subject **GREGORY STENSTROM** and Other Unnamed Individuals (**OUI**) to **retaliatory**[4] criminal investigative action, designed to intimidate witnesses to **2020 U.S. Presidential Election/Pennsylvania Attorney General (AG) Election Voter Fraud** occurring within Delaware County (DELCO), Pennsylvania, in violation of **18 U.S.C. § 241-Conspiracy Against Rights.**[5]

**4.** On 18 May 2022, Delaware County (DELCO), Pennsylvania Solicitor **WILLIAM F. MARTIN** reported to the Delaware County Counsel that District Attorney **FREDERICK J. STOLLSTEIMER**, **completed** a criminal investigation,[6] into **2020 U.S. Presidential Election/Pennsylvania Attorney General Election Fraud** fully aware that:

- (**a**) **FREDERICK J. STOLLSTEIMER never** generated an official Report of Investigation (**ROI**) for criminal investigation into 2020 U.S. Presidential Election/ Pennsylvania Attorney General Election Voter Fraud, as claimed in violation of **18 USC § 1001- Statements or Entries Generally.**[7]

- (**b**) That District Attorney **FREDERICK J. STOLLSTEIMER**, First District Attorney **TANNER W. ROUSE** and Chief Criminal Investigator **JAMES E. NOLAN IV did not** secure official investigative statements from **GREGORY STENSTROM** or **LEAH HOOPES** after they disclosed **Outcome-Determinative** Election Fraud.

- (**c**) That District Attorney **FREDERICK J. STOLLSTEIMER**, First District Attorney **TANNER W. ROUSE** and Chief Criminal Investigator **JAMES E. NOLAN IV** intentionally impaired, obstructed or defeated the lawful **function** of the Office of District Attorney (ODA), in violation of **18 U.S.C § 371- Conspiracy to Defraud the United States**[8]

- (**d**) That District Attorney **FREDERICK J. STOLLSTEIMER,** and First District Attorney **TANNER W. ROUSE,** and **WILIAM F. MARTIN retaliated**[9] against whistleblowers **GREGORY STENSTROM** and **LEAH HOOPES**, by facilitating a civil lawsuit against whistleblowers **GREGORY STENSTROM** & **LEAH HOOPES** (CV-2023-

---

[4] Ibid., see footnote (**3**)
[5] Ibid., see footnote (**2**)
[6] **DELAWARE COUNTY PA DISTRICT ATTORNEY CLOSES 2020 ELECTION FRAUD CASE**. See, https://www.delcotimes.com/2022/06/02/district-attorney-closes-case-on-election-fraud-claims/
[7] **18 U.S. CODE § 1001- STATEMENTS OR ENTRIES GENERALLY**. See, https://www.law.cornell.edu/uscode/text/18/1001
[8] **18 U.S.C § 371- CONSPIRACY TO DEFRAUD THE UNITED STATES**. See, https://www.law.cornell.edu/uscode/text/18/371
[9] Ibid., see footnote (**3**)

**006723 Delaware County et al v. Stenstrom et al,**
https://cloud.patriot.online/s/w3PrPJr4XJE3fbf

**5.** On 18 Nov 2022, Attorney General **MERRICK B. GARLAND** "appointed" Special Counsel **JOHN L. SMITH** to:

> "…conduct the ongoing **investigation** into whether any **person** or **entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021…"[10]

**6.** On 04 July 2023, **GREGORY STENSTROM** filed a Disclosure of Wrongdoing with **JAMES D. JORDAN** (R-OH-04) Chairman House Judiciary Committee reporting serious Department of Justice (**DOJ**), State of Pennsylvania Attorney General, and Delaware County District Attorney misconduct. See, https://cloud.patriot.online/s/QLtaJgjEqMQ2bkp .

**7.** Serious criminal misconduct has been disclosed involving multiple (**persons**) assigned to the following (**entities**): Department of Justice (**DOJ**), U.S. Attorney Office (**USAO**) Eastern District of Pennsylvania (EDPA), Pennsylvania Office of Attorney General (**OAG**) and Delaware County District Attorney (**DA**). The criminal obstruction timeline & Allegations of Criminal Wrongdoing is provided as Enclosure (**1**).

**8.** The whistleblower demands that Pennsylvania Attorney General **MICHELLE A. HENRY** **directly** notify Special Counsel **JOHN L. SMITH**, appointed by U.S. Attorney General **MERRICK B. GARLAND**, of the fact that multiple identified (**persons**) and (**entities**) violated the law, in connection with efforts to **interfere** with the lawful transfer of power **following** the 2020 presidential election. [11]

Respectfully,

*[signature]*

---

[10] **ATTORNEY GENERAL MERRICK B. GARLAND SPECIAL COUNSEL APPOINTMENT ORDER 5559-2022.** "Authority for **JOHN L. SMITH** to conduct ongoing **investigation** into whether **any person or entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election…". See, https://www.justsecurity.org/wp-content/uploads/2022/12/U.S.-Attorney-General-Merrick-B.-Garland-Order-Appointment-of-John-L.-Smith-as-Special-Counsel-November-18-2022.pdf

[11] **Attorney General MERRICK B. GARLAND Special Counsel Appointment Order 5559-2022.** "Authority for **JOHN L. SMITH** to conduct ongoing **investigation** into whether **any person or entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election…". See, https://www.justsecurity.org/wp-content/uploads/2022/12/U.S.-Attorney-General-Merrick-B.-Garland-Order-Appointment-of-John-L.-Smith-as-Special-Counsel-November-18-2022.pdf

**3-4**

Copy To:

Special Counsel **Jack L. Smith**
Department of Justice
950 Pennsylvania Avenue, NW
Room B-206
Washington, D.C. 20530-0001

U.S. Attorney General **Merrick B. Garland**
Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

The Honorable **James D. Jordan**
U.S. House of Representatives
2056 Rayburn House Office Building
Washington, D.C. 20515-3504

The Honorable **James R. Comer Jr.**
U.S. House of Representatives
2410 Rayburn House Office Building
Washington, D.C. 20515-3504

The Honorable **Jerrold L. Nadler**
2132 Rayburn House Office Building
Washington, DC, 20515

The Honorable **Jamie B. Raskin**
2242 Rayburn House Office Building
Washington, DC, 20515-2008

The Honorable **Robert Patrick Casey Jr**.
393 Russell Senate Office Building
Washington, DC 20510

The Honorable **John K. Fetterman**
142 Russell Senate Office Building
Washington, DC 20510

Governor **Joshua D. Shapiro**
Governor's Office
508 Main Capitol Building
Harrisburg, PA 17120

**Lucas M. Miller** Inspector General
Office of the State Inspector
8th Floor, Forum Place
555 Walnut Street
Harrisburg 17101

**4-4**

# Enclosure 1

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**TIMELINE OF EVENTS**: Department of Justice (DOJ)/State of Pennsylvania Attorney General organized **subversion** of criminal investigation[1] into Allegations of Voter Fraud during the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election**, reported by **GREGORY STENSTROM** Delaware County, Pennsylvania Poll Watcher to **WILLIAM M. MCSWAIN** U.S. Attorney Eastern District of Pennsylvania (EDPA) on 07 November 2020:

**a.**  In December 2017, **RICHARD C. PILGER**, Chief Election Crimes Branch (**ECB**), Public Integrity Section (**PIN**), Criminal Division (**CRM**), Department of Justice (**DOJ**) updated the 2007 *Federal Prosecution of Election Offenses* (**7th Edition**). The "updated" DOJ manual stated:

> "… it is the general **policy** of the Department **not** to conduct overt investigations, including interviews with individual voters, until **after** the outcome of the election allegedly affected by the fraud is **certified**."[2]

In December 2017, the policy of the U.S. Department of Justice (DOJ) was to **not** conduct criminal investigations until after the "results" of Federal & Non-Federal elections were officially certified.

**b.**  On 05 February 2020, the 77th/85th Attorney General (AG) **WILLIAM P. BARR** released his (**1st**) **Unserialized**, AG Memorandum: *Additional Requirements for the Opening of Certain Sensitive Investigations* **DIRECTING:**

> "…**No** investigation may be **opened** or **initiated** by the Department or any of its law enforcement agencies … The requirements set forth in this memorandum **shall** remain in effect through the 2020 elections **until** withdrawn or amended by further order of the Attorney General…"[3]

**c.**  On 15 May 2020, AG **BARR** released his (**2nd**) **Unserialized** AG Memorandum: *Election Year Sensitivities* **DIRECTING**:

> "… I am issuing this memorandum to remind you of the Department's existing policies with respect to political activities… If you face an issue, or the appearance of an issue, regarding the timing of statements, **investigative steps**, charges, or other actions near the time of a primary or general election, contact the **Public Integrity Section** (**PIN**) of the Criminal Division (**CRM**) for **further** guidance"[4]

---

[1]  **18 U.S.C. § 1505- OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES, AND COMMITTEES**. See, https://www.law.cornell.edu/uscode/text/18/1505
[2]  **FEDERAL PROSECUTION OF ELECTION OFFENSES 8th EDITION,** Dec 2017, Richard C. Pilger, Chief DOJ Election Crimes Branch (ECB), pg. 9. See, https://www.justice.gov/criminal/file/1029066/dl
[3]  **ATTORNEY GENERAL WILLIAM P. BARR MEMORANDUM 1ST (Unserialized): ADDITIONAL REQUIREMENTS FOR THE OPENING OF CERTAIN SENSITIVE INVESTIGATIONS**, 02 February 2020. See, https://www.congress.gov/116/meeting/house/110836/documents/HHRG-116-JU00-20200624-SD009-U19.pdf
[4]  **ATTORNEY GENERAL WILLIAM P. BARR MEMORANDUM 2ND (Unserialized): ELECTION YEAR SENSITIVITIES**, 15 May 2020. See, https://s3.documentcloud.org/documents/7221422/Barr-memo-Election-Year-Sensitivities.pdf

**1-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**d.** On 04 July 2020, AG **BARR** appointed his personal Chief of Staff (CoS) **BRIAN C. RABBITT** as the "Acting" Assistant Attorney General Criminal Division (**CRM**) supervising the **Public Integrity Section** (**PIN**) & **Election Crimes Branch** (**ECB**), see Enclosure (**1**)

**e.** On 11 July 2020, AG **BARR** appointed **RICHARD P. DONOGHUE**, former U.S. Attorney for the Eastern District of New York (**EDNY**), as the Principal Associate Deputy Attorney General (**PADAG**) for Deputy Attorney General **JEFFREY A. ROSEN**, see Enclosure **(1)**

**f.** On 03 November 2020, citizens of the state of Pennsylvania cast their votes in the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election**

**g.** On 07 November 2020, **GREGORY STENSTROM** delivered an affidavit concerning Allegations of Election Fraud, to U.S. Attorney **WILLIAM M. MCSWAIN**, discovered while serving as a registered poll watcher in Delaware County (DELCO), Pennsylvania during the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election**,[5] see Enclosure (**2**)

**h.** On 09 November 2020, AG **BARR** released (**3rd**) **Unserialized**, AG Memorandum: *Post-Voting Election Irregularity Inquiries*; **DIRECTING**:

> "I **authorize** you to **pursue** substantial allegations of voting and vote tabulation irregularities **prior** to the **certification** of elections in your jurisdictions in certain cases… if there are clear and apparently **credible** allegations of irregularities that, if true, could potentially impact the outcome of a federal election in an **individual** state…"[6]

**i.** On 17 November 2020, Pennsylvania Attorney General **JOSHUA D. SHAPIRO** directed his Criminal Investigations Division (**CID**), to subject **GREGORY STENSTROM** & Other Unnamed Individuals (**OUI**) to **retaliatory**[7] criminal investigative action, designed to intimidate witnesses to **2020 U.S. Presidential Election/Pennsylvania Attorney General (AG) Election Voter Fraud** occurring within Delaware County (DELCO), Pennsylvania, see Enclosure (**3, 4, 5, 6**)

---

[5] **GREGORY STENSTROM AFFIDAVIT OF VOTER FRAUD DELIVERED TO U.S. ATTORNEY WILLAIM M. MCSWAIN**. 07 November 2020. See, https://cloud.patriot.online/s/wZrExy7K5eprA2
[6] **ATTORNEY GENERAL WILLIAM P. BARR MEMORANDUM 3RD (Unserialized): POST-VOTING ELECTION IRREGULARITY INQUIRIES,** 09 November 2020. See, https://s3.documentcloud.org/documents/20403380/barrelectionmemo110920.pdf
[7] **RETALIATION FOR PROPERLY REPORTING ELECTION FRAUD**. The Supreme Court has defined **retaliation** as an **intentional act** in response to a **protected action**. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: ***"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."*** Gutierrez, 2005 WL 2346956, at *5. The complained of matter need not be a complaint; it can be **any lawful conduct** that an individual engages in connected with a protected right. "The very concept of retaliation is that the **retaliating party** takes action against the **party retaliated against** after, and because of, some **action** of the latter." Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "**getting even."** See, https://www.justice.gov/crt/fcs/T6Manual8

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**j.**  On 24 November 2020, **THOMAS F. WOLF** Pennsylvania Governor sent a "Certification of Ascertainment of Presidential Electors" to **DAVID S. FERRIERO** National Archivist with the slate of electors supporting President-elect Biden and Vice President-elect Harris[8]

**k.**  On 23 December 2020, the following senior leadership changes occurred within the Department of Justice (**DOJ**), see Enclosure (**1**):

- **(1) WILLIAM P. BAR** Attorney General (**AG**) resigned[9]
- **(2) JEFFREY A. ROSEN** Deputy Attorney General (DAG) assumed duty as the "Acting" Attorney General
- **(3) RICHARD P. DONOGHUE** Principal Associate Deputy Attorney General (**PADAG**), to **JEFFREY A. ROSEN**, assumed duties as the "Acting" Deputy Attorney General (**DAG**)

**l.**  On 22 January 2021, **WILLIAM M. MCSWAIN** U.S. Attorney Eastern District of Pennsylvania (EDPA) **resigned** his position as part of the **DONALD J. TRUMP/JOSEPH R. BIDEN** administrative transition:

• **(1) JENNIFER A. WILLIAMS** First Assistant U.S. Attorney to **WILLIAM M. MCSWAIN** became "Acting" U.S. Attorney EDPA, see Enclosure (**2**)

**m.**  On 21 April 2022, President **JOSEPH R. BIDEN** nominated **JACQUELINE C. ROMERO** former Assistant U.S. Attorney (AUSA) Criminal Division (CRM) under **WILLIAM M. MCSWAIN** to become the new U.S. Attorney for the Eastern District of Pennsylvania (EDPA), see Enclosure (**2**)

**n.**  On 18 May 2022, the Delaware County (DELCO), Pennsylvania Solicitor **WILLIAM F. MARTIN** reported to the Delaware County Counsel that District Attorney **FREDERICK J. STOLLSTEIMER**, **completed** a criminal investigation, into **2020 U.S. Presidential Election/Pennsylvania Attorney General Election Fraud** fully aware that:[10]

• **(1) FREDERICK J. STOLLSTEIMER** **never** generated an official Report of Investigation (**ROI**) for criminal investigation into 2020 U.S. Presidential Election/ Pennsylvania Attorney General Election Voter Fraud, as claimed below in violation of **18 USC § 1001- Statements or Entries Generally**[11]

"Investigations with investigators with over 75 years of law enforcement experience here in Delaware County conducted **interviews** with individuals with

---

[8] **COMMONWEALTH OF PENNSYLVANIA CERTIFICATE OF ASCERTAINMENT OF PRESIDENTIAL ELECTORS**. 24 November 2020. See, https://www.archives.gov/files/electoral-college/2020/ascertainment-pennsylvania.pdf

[9] **U.S. ATTORNEY GENERAL WILLIAM P. BARR RESIGNATION LETTER,** 23 December 2020. See, https://int.nyt.com/data/documenttools/attorney-general-william-barr-resignation-letter/b82836cf0fe20bf8/full.pdf

[10] **DELAWARE COUNTY PA DISTRICT ATTORNEY CLOSES 2020 ELECTION FRAUD CASE**. See, https://www.delcotimes.com/2022/06/02/district-attorney-closes-case-on-election-fraud-claims/

[11] **18 U.S. CODE § 1001- STATEMENTS OR ENTRIES GENERALLY**. See, https://www.law.cornell.edu/uscode/text/18/1001

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

actual **knowledge** of the events depicted in the videos…, They (Investigators) have concluded that there is no **evidence** to substantiate those claims."[12]

The official claim by **FREDERICK J. STOLLSTEIMER** was made knowing that his Chief Criminal Investigator **JAMES E. NOLAN IV** *"with over 75 years of law enforcement experience here in Delaware County"* **did not** secure official investigative statements from **GREGORY STENSTROM** or **LEAH HOOPES** after disclosing allegations of voter fraud, see Enclosure **(7)**

• (**2**) That District Attorney **FREDERICK J. STOLLSTEIMER,** First District Attorney **TANNER W. ROUSE** and Chief Criminal Investigator **JAMES E. NOLAN IV** intentionally impaired, obstructed or defeated the lawful **function** of the Office of District Attorney (ODA), in violation of **18 U.S.C § 371- Conspiracy to Defraud the United States**[13]

• (**3**) That District Attorney **FREDERICK J. STOLLSTEIMER** and First District Attorney **TANNER W. ROUSE conspired** with Pennsylvania Attorney General **JOSHUA D. SHAPIRO** to **withhold** access to governmental records related to **investigation** of 2020 U.S. Presidential Election/Pennsylvania Attorney General Election Voter Fraud, **reported** by whistleblowers **GREGORY STENSTROM** & **LEAH HOOPES** to District Attorney **FREDERICK J. STOLLSTEIMER** & First District Attorney **TANNER W. ROUSE**, in violation of **18 U.S.C. 1512(c)(2)- Tampering with a Witness**[14] and **18 U.S. Code § 2071- Concealment, Removal, or Mutilation Generally**[15]

• (**4**) That District Attorney **FREDERICK J. STOLLSTEIMER** and First District Attorney **TANNER W. ROUSE** impaired, obstructed or defeated the lawful **function** of the Pennsylvania Right to Know Law (RTKL)[16] [65 P.S. 67.101 *et seq.*] by intentionally **withholding** access to governmental records that could **expose** the fact that legitimate **2020 U.S. Presidential Election/Pennsylvania Attorney General Election Fraud** investigation **did not** occur. Organized subversion of the Pennsylvania Right to Know Law (RTKL) violates **18 U.S. Code § 2071- Concealment**, **Removal, or Mutilation Generally**, including:

o (**A**) Exploitation of the RTKL's **Criminal Investigative Exemption** [65 P.S. 67.708(b)(16)(i)][17] to **exempt** production of investigative Report of Investigation (ROI), sought

---

[12] **DELAWARE COUNTY PA DISTRICT ATTORNEY CLOSES 2020 ELECTION FRAUD CASE**. See, https://www.delcotimes.com/2022/06/02/district-attorney-closes-case-on-election-fraud-claims/
[13] **18 U.S.C § 371- CONSPIRACY TO DEFRAUD THE UNITED STATES**. See, https://www.law.cornell.edu/uscode/text/18/371
[14] **18 U.S.C § 1512(c)(2)- TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT**. See, https://www.law.cornell.edu/uscode/text/18/1512
[15] **18 U.S.C § 2071- CONCEALMENT, REMOVAL, OR MUTILATION GENERALLY**. See, **https://www.law.cornell.edu/uscode/text/18/2071#:~:text=18%20U.S.%20Code%20§%202071,Law%20%7C %20LII%20%2F%20Legal%20Information%20Institute**
[16] **PENNSYLVANIA RIGHT TO KNOW LAW (RTKL)**, Act of Feb. 14 288, P.L. 6, No.3. See, https://www.openrecords.pa.gov/Documents/RTKL/PA_Right-To-Know_Law.pdf?pdft=20220418
[17] **PENNSYLVANIA STATUTES TITLE 65 P.S. PUBLIC OFFICERS § 67.708. EXCEPTIONS FOR PUBLIC RECORDS. Exception** [65 P.S. 67.708(b)(16)(i)] specifically states: "A **record** of an agency relating to or resulting in a **criminal investigation**, including: (i) Complaints of potential criminal conduct **other** than a private criminal complaint." See, https://codes.findlaw.com/pa/title-65-ps-public-officers/pa-st-sect-65-67-708/

**4-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

by U.S. citizens, concerning "alleged" criminal **investigation** into **2020 U.S. Presidential Election/Pennsylvania Attorney General Election Fraud**

       o **(B)** Exploitation of the Pennsylvania Criminal History Record Information Act (**CHRIA**) [18 PaC.S.A. 9106(c)(4)][18] to enable **exemption** of criminal investigative records created as **retaliation** against whistleblowers disclosing election misconduct during the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election**

**o.**  On 13 June 2022, the Senate unanimously confirmed **JACQUELINE C. ROMERO** as the U.S. Attorney Eastern District of Pennsylvania (EDPA), replacing the former U.S. Attorney **WILLIAM M. MCSWAIN**, see Enclosure **(2)**

**p.**  On 08 November 2022, citizens of the state of Pennsylvania cast their votes in the **2022 Pennsylvania Gubernatorial Election** won by **JOSHUA D. SHAPIRO** Pennsylvania Attorney General, see Enclosure **(4)**

**q.**  On 18 Nov 2022, Attorney General **MERRICK B. GARLAND** "appointed" Special Counsel **JOHN L. SMITH** to:

> "…conduct the ongoing **investigation** into whether any **person** or **entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021…"[19]

**r.**  On 04 July 2023, **GREGORY STENSTROM** filed a Disclosure of Wrongdoing with **JAMES D. JORDAN** (R-OH-04) Chairman House Judiciary Committee reporting serious Department of Justice (**DOJ**) misconduct:

> "Collaborative intra-agency federal effort by U.S. Attorney General **WILLIAM P. BARR** designed to obstruct the **federal investigative process** into Department of Justice (**DOJ**) criminal wrongdoing designed to degrade evidentiary base (witness statements & documentation) necessary to substantiate and/or non-substantiate allegations of criminal wrongdoing involving **U.S. Attorneys** assigned to the Department of Justice (DOJ)."[20]

---

[18] **PENNSYLVANIA CRIMINAL HISTORY RECORD INFORMATION ACT (CHRIA)**. 9106(c)(4): "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." See, https://www.legis.state.pa.us/WU01/LI/LI/CT/HTM/18/00.091.006.000..HTM

[19] **ATTORNEY GENERAL MERRICK B. GARLAND SPECIAL COUNSEL APPOINTMENT ORDER 5559-2022**. "Authority for **JOHN L. SMITH** to conduct ongoing **investigation** into whether **any person or entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election…". See, https://www.justsecurity.org/wp-content/uploads/2022/12/U.S.-Attorney-General-Merrick-B.-Garland-Order-Appointment-of-John-L.-Smith-as-Special-Counsel-November-18-2022.pdf

[20]  Disclosure of Wrongdoing Delivered to **JAMES D. JORDAN** (R-OH-04) Chairman House Judiciary Committee. 04 July 2023. See, https://cloud.patriot.online/s/QLtaJgjEqMQ2bkp

**5-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**s.** On 22 December 2023, **LEAH HOOPES** submitted **Right-to-Know 2023-299** to Pennsylvania Attorney General **MICHELLE A. HENRY** requesting any information pertaining to any **records** generated or **held** by the Office of Attorney General (OAG) **involving** either **LEAH HOOPES** or **GREGORY STENSTROM**.

**t.** On 01 February 2024, Pennsylvania Attorney General **MICHELLE A. HENRY** responded to **LEAH HOOPES'** Right-to-Know: **2023-299** attesting:

> "Your response appears to be seeking records related to an Office of Attorney General (OAG) **investigation** against you (Leah Hoopes) and/or Gregory Stenstrom. Please note, there is **no investigation** against Leah Hoopes or Gregory Stenstrom. As a result, many of the records you are seeking **do not exist**..."[21, 22]

**1.** Attorney General **MICHELLE A. HENRY'S** response to **Right-to-Know 2023-299** clearly states **no investigation** was conducted by the Office of Attorney General (OAG) which stands in direct **conflict** with existing documentation, in fact:

  o **A.** Attorney General **MICHELLE A. HENRY'S** official statement was intended to **conceal** documents evidencing the fact that Attorney General **JOSHUA D. SHAPIRO** violated the **civil rights** of whistleblowers engaged in **Federally Protected Activity**, in violation of **18 USC § 245- Federally Protected Activity**[23]

  o **B.** Attorney General **MICHELLE A. HENRY'S** official statement was intended to **conceal** the fact that Attorney General **JOSHUA D. SHAPIRO** **retaliated**[24] against whistleblowers **LEAH HOOPES** & **GREGORY** as **punishment** for disclosing allegations of voter fraud, in violation of **18 USC § 241- Conspiracy Against Rights** [25]

  o **C.** Attorney General **MICHELLE A. HENRY'S** official statement was made with full **appreciation** of the fact that her direct superior Governor **JOSHUA D. SHAPIRO**, was the 2020 Democratic candidate for Pennsylvania Attorney General, directly influencing the organizational desire to **subvert** governmental process, **suppress** criminal investigation, and hide election fraud, in violation of **18 USC § 1346- Scheme or Artifice to Defraud**[26]

---

[21] **PENNSYLVANIA ATTORNEY GENERAL MICHELLE A. HENRY RIGHT-TO-KNOW: 2023-299 RESPONSE**, 01 February 2024

[22] **18 U.S.C § 2071- CONCEALMENT, REMOVAL, OR MUTILATION GENERALLY**. See, **https://www.law.cornell.edu/uscode/text/18/2071#:~:text=18%20U.S.%20Code%20§%202071,Law%20%7C %20LII%20%2F%20Legal%20Information%20Institute**

[23] **18 USC § 245- FEDERALLY PROTECTED ACTIVITY**. See, https://www.law.cornell.edu/uscode/text/18/245

[24] Ibid., See Footnote #6

[25] **18 USC § 241- CONSPIRACY AGAINST RIGHTS**. See, https://www.law.cornell.edu/uscode/text/18/241

[26] **18 USC § 1346- SCHEME OR ARTIFICE TO DEFRAUD**. See, https://www.law.cornell.edu/uscode/text/18/1346#:~:text=Go!- ,18%20U.S.%20Code%20§%201346%20%2D%20Definition%20of,scheme%20or%20artifice%20to%20defraud"& text=For%20the%20purposes%20of%20this,intangible%20right%20of%20honest%20services.

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**u.** This disclosure from **GREGORY STENSTROM** serves as notice to **MICHELLE A. HENRY** Pennsylvania Attorney General of the legal imperative to directly notify Special Counsel **JOHN L. "JACK" SMITH**[27] of the fact:

- **(1)** Attorney General **WILLIAM P. BARR** (*a person*) & senior leaders of the Department of Justice (DOJ) (*an entity*) violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election, accomplished while actively **obstructing** the federal investigate process, which demands full and thorough investigation, as directed by U.S. Attorney General **MERRICK B. GARLAND**, in his appointment letter (**5559-2022**) to **JOHN L. "JACK" SMITH**, see allegations of wrongdoing Enclosure (**8-13**)

- **(2)** U.S. Attorney **WILLIAM M. MCSWAIN** (*a person*) & senior leaders of his U.S. Attorney Office (USAO) (*an entity*) violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election, accomplished while actively **obstructing** the federal investigate process, demanding full and thorough investigation, as directed by U.S. Attorney General **MERRICK B. GARLAND**, in his appointment letter (**5559-2022**) to **JOHN L. SMITH**, see allegations of wrongdoing Enclosure (**14**)

- **(3)** Pennsylvania Attorney General **JOSHUA D. SHAPIRO** (*a person*) & senior leaders of Governor **THOMAS W. WOLF'S** administration (*an entity*) violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election, accomplished while actively obstructing the investigate process & **retaliating**[28] against witnesses **GREGORY STENSTROM** & Other Unnamed Individuals (**OUI**) properly reporting allegations of **2020 U.S. Presidential Election/Pennsylvania Attorney General Election** voter fraud. see allegations of wrongdoing Enclosure (**15**)

- **(4)** Delaware County District Attorney (DA) **FREDERICK J. STOLLSTEIMER** (*a person*) & senior leaders of the Delaware County District Attorney (DA) Office (**an entity**) violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election, accomplished while actively obstructing the investigate process & **retaliating**[29] against witnesses **GREGORY STENSTROM** & Other Unnamed Individuals (**OUI**)

---

[27] **ATTORNEY GENERAL MERRICK B. GARLAND SPECIAL COUNSEL APPOINTMENT ORDER 5559-2022.** "Authority for **JOHN L. SMITH** to conduct ongoing **investigation** into whether **any person or entity** violated the law in connection with efforts to **interfere** with the lawful transfer of power following the 2020 presidential election…". See, https://www.justsecurity.org/wp-content/uploads/2022/12/U.S.-Attorney-General-Merrick-B.-Garland-Order-Appointment-of-John-L.-Smith-as-Special-Counsel-November-18-2022.pdf

[28] **RETALIATION FOR PROPERLY REPORTING ELECTION FRAUD.** The Supreme Court has defined **retaliation** as an **intentional act** in response to a **protected action**. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: ***"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."*** Gutierrez, 2005 WL 2346956, at *5. The complained of matter need not be a complaint; it can be **any lawful conduct** that an individual engages in connected with a protected right. "The very concept of retaliation is that the **retaliating party** takes action against the **party retaliated against** after, and because of, some **action** of the latter." Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "**getting even."** See, https://www.justice.gov/crt/fcs/T6Manual8

[29] **RETALIATION FOR PROPERLY REPORTING ELECTION FRAUD.** The Supreme Court has defined **retaliation** as an **intentional act** in response to a **protected action**. Jackson v. Birmingham Bd. of Educ., 544 U.S.

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

properly reporting allegations of **2020 U.S. Presidential Election/Pennsylvania Attorney General Election** voter fraud. see allegations of wrongdoing Enclosure **(15)**

**TAKEAWAY:** An **uninvestigated** collaborative inter-agency conspiracy, exists between the Department of Justice (DOJ) and the Pennsylvania Attorney General, designed to obstruct Federal Investigative proceedings & **retaliate**[30] against witnesses properly reporting allegations of voter fraud to governmental authority in violation of **18 U.S.C. § 1505**[31] & **18 U.S.C. § 242**:[32]

**1.** On **09** November 2020, despite AG **BARR** authorizing his (**93**) U.S. Attorneys to **pursue** substantial allegations of voting irregularities **prior** to each state's Certification of Elections;[33] **WILLIAM M. MCSWAIN** U.S. Attorney EDPA **colluded** with senior Department of Justice (DOJ) officials & the Pennsylvania Attorney General to ensure **no** criminal investigations into voter fraud occurred **prior to/or after** completion of the Pennsylvania Certification of Elections[34] on 24 November 2020.

**2.** On 17 November 2020, **JOSHUA D. SHAPIRO** violated the civil rights of **GREGORY STENSTROM** & **Other Unnamed Individuals (OUI)** while ordering his Criminal Investigations Division (CID) to engage in witness intimidation as **retaliation**[35] for properly disclosing Allegations of Election Fraud occurring during the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election** in violation of 18 U.S.C. § 1505, 18 U.S.C. § 242 and 42 U.S.C. 1983[36]

**3.** **Department of Justice (DOJ):** There is clear and convincing reason to believe that the following senior personnel interfered with the lawful transfer of power following the 2020 Presidential Election by actively subverting federal criminal investigation into allegations of criminal wrongdoing: **WILLIAM P. BARR, JEFFREY A. ROSEN, RICHARD P.**

---

167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: ***"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."*** Gutierrez, 2005 WL 2346956, at *5. The complained of matter need not be a complaint; it can be **any lawful conduct** that an individual engages in connected with a protected right. "The very concept of retaliation is that the **retaliating party** takes action against the **party retaliated against** after, and because of, some **action** of the latter." Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of **"getting even."** See, https://www.justice.gov/crt/fcs/T6Manual8

[30]  Ibid., See Footnote #12

[31] **18 U.S.C. § 1505- OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES, AND COMMITTEES**. See, https://www.law.cornell.edu/uscode/text/18/1505

[32] **18 U.S.C.  § 242- DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**. See, https://www.law.cornell.edu/uscode/text/18/242

[33]  **ATTORNEY GENERAL WILLIAM P. BARR MEMORANDUM 3RD (Unserialized): POST-VOTING ELECTION IRREGULARITY INQUIRIES,** 09 November 2020. See, https://s3.documentcloud.org/documents/20403380/barrelectionmemo110920.pdf

[34] **COMMONWEALTH OF PENNSYLVANIA CERTIFICATE OF ASCERTAINMENT OF PRESIDENTIAL ELECTORS**, 24 November 2020. See, https://www.archives.gov/files/electoral-college/2020/ascertainment-pennsylvania.pdf

[35] Ibid., see Footnote **#5**

[36] **42 U.S.C.  § 1983- Civil Action for Deprivation of Rights.** See, https://www.law.cornell.edu/uscode/text/42/1983

**8-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**DONOGHUE, CHRISTOPHER A. WRAY, BRIAN C. RABITT, WILLIAM R. LEVI, JOHN S. MORAN, COREY R. AMUNDSON, ROBERT J. HEBERLE, JOHN S. MORAN, RICHARD C. PILGER,  JEFFREY R. RAGSDALE** and **MICHAEL E. HOROWITZ**, Allegations of wrongdoing found at Enclosure (**6-11**)

**4.   U.S. Attorney Office (USAO) Eastern District of Pennsylvania (EDPA)**: There is clear and convincing reason to believe that the following senior personnel interfered with the lawful transfer of power following the 2020 Presidential Election by actively subverting federal criminal investigation into allegations of criminal wrongdoing: **WILLIAM M. MCSWAIN, JACQUELINE C. ROMERO, JENNIFER A. WILLAIMS, ERIC L. GIBSON**, and **RICHARD P. BARRETT.** Allegations of wrongdoing found at Enclosure (**12**)

**5.   Commonwealth of Pennsylvania**: There is clear and convincing reason to believe that senior officials interfered with the lawful transfer of power following the **2020 U.S. Presidential Election/Pennsylvania Attorney General Election** in violation of 18 U.S.C. § 1505 & 18 U.S.C. § 242: **THOMAS W. WOLF, JOHN K. FETTERMAN, JOSHUA D. SHAPIRO, VERONICA WILLIMS DEGRAFFENREID, KATHRYN BOOCKVAR, LUCAS  M. MILLER, TIMOTHY E. GATES, SARI J. STEVENS, JONATHAN M. MARKS, MIKE MOSER, JOHN F. KITZINGER, AIDA I. MARCEL, BENJAMIN WALTON, JESSICA M. MATHIS**, and **JESSICA MYERS**, Allegations of wrongdoing found at Enclosure (**13**)

**6.**   The whistleblower has disclosed to the Pennsylvania Attorney General serious criminal misconduct involving (**persons**) assigned to the following (**entities**): Department of Justice (**DOJ**), U.S. Attorney Office (**USAO**) Eastern District of Pennsylvania (EDPA), Delaware County District Attorney (**DA**) and the Pennsylvania Office of Attorney General (**OAG**).

The whistleblower reminds Attorney General **MICHELLE A. HENRY** of the fact that Attorney General **MERRICK B. GARLAND** appointed Special Counsel **JOHN L. SMITH** to criminally investigate (**persons**) and (**entities**) that violated the law in connection with efforts to interfere (witness intimidation/criminal investigative misconduct) with the lawful transfer of power following the 2020 presidential election.[37]

The criminal effort of the aforementioned (**persons**) & (**entities**) directly violated the law [interfering with criminal investigation- a governmental process] & organizing effort to interfere with the lawful transfer of power following the November 03, 2020, Presidential Election.

---

[37] **Attorney General MERRICK B. GARLAND** Special Counsel Appointment Order 5559-2022. "Authority for **JOHN L. SMITH** to conduct ongoing investigation into whether any person or entity violated the law in connection with efforts to interfere with the lawful transfer of power following the 2020 presidential election…". See, https://www.justsecurity.org/wp-content/uploads/2022/12/U.S.-Attorney-General-Merrick-B.-Garland-Order-Appointment-of-John-L.-Smith-as-Special-Counsel-November-18-2022.pdf

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

Enclosure (1)
**Department of Justice (DOJ) U.S. Attorney General Leadership Team**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

Enclosure (2)
**U.S. Attorney Office (USAO) Eastern District of Pennsylvania (EDPA)**



# U.S. ATTORNEY OFFICE (USAO)

## U.S. ATTORNEY (USA)

JACQUELINE C. ROMERO (D) (23 June 2021-Present)

"Acting" JENNIFER A. WILLIAMS (D) (22 January 2021-23 June 2021)

WILLIAM M. McSWAIN. (R) (06 April 2018-22 January 2021)

## FIRST ATTORNEY

JENNIFER A. WILLIAMS (D) (12 April 2018-22 January 2021)

## ASSISTANT U.S. ATTORNEY (AUSA)

### CORRUPTION & CIVIL RIGHTS INVESTIGATIONS

JACQUELINE C. ROMERO (12 April 2006-23 June 2021)

ERIC L. GIBSON (13 December 2016-05 January 2023)

## CHIEF

### CORRUPTION, CIVIL RIGHTS, AND LABOR RACKETEERING BRANCH

RICHARD P. BARRETT (14 March 1990-Present)

After receiving GREGORY STENSTROM'S Delaware County Pennsylvania Pole Watcher whistleblower disclosure on Delaware County Vote Counting Center **Federal Election Fraud [52 USC § 20511]** verbal disclosure (07 Nov 2020)/written affidavit (09 Nov 2020) U.S. Attorney (USA) WILLIAM M. McSWAIN immediately notified:

- Deputy Attorney General (DAG) JEFFREY A. ROSEN'S Principal Associate Deputy Attorney General (PADAG) RICHARD P. DONOGHUE for command instructions from Attorney General (AG) WILLIAM P. BARR/Deputy Attorney General (DAG) JEFFREY A. ROSEN

U.S. Attorney General (AG) WILLIAM P. BARR'S USA WILLIAM M. McSWAIN also notified his leadership team: First U.S. Attorney (FAUSA) JENNIFER A. WILLIAMS; Assistant U.S. Attorney (AUSA) JACQUELINE C. ROMERO, AUSA ERIC L. GIBSON, and Chief Corruption, Civil Rights, and Labor Racketeering Branch RICHARD P. BARRETT

The U.S. Attorney is the **chief federal law enforcement officer** responsible for both federal **criminal prosecutions** and **civil litigation** involving the U.S. Government (**USG**) in the Eastern District of the State of Pennsylvania

**11-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (3)**
**Pennsylvania Attorney General Leadership Team Pre-2020 Election**



**12-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (4)**
**Commonwealth of Pennsylvania Leadership Team Pre-2020 Election**



**13-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (5)**
**Commonwealth of Pennsylvania Leadership Team Post-2020 Election**



**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (6)**
**Criminal Investigation Division (CID) Criminal Subject Interview: Gregory Stenstrom**
**Special Agent Contact Cards 19 November 2020**



**15-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (7)**
**Delaware County (DELCO), Pennsylvania Leadership Team**



**16-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (8)**
**Allegations of Criminal Misconduct: Department of Justice (DOJ)**

ALLEGATION (1): That WILLIAM P. BARR U.S. Attorney General (AG), orchestrated a criminal conspiracy to subvert the federal investigative process into allegations of 2020 Presidential Election Fraud, provided by GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, in criminal violation of 18 U.S.C. § 1510- **Obstruction of Criminal Investigations**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

ALLEGATION (2): That WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, orchestrated a criminal conspiracy to subvert the federal investigative process into allegations of 2020 Presidential Election Fraud, provided by GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, in criminal violation of 18 U.S.C. § 1510- **Obstruction of Criminal Investigations**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

ALLEGATION (3): That WILLIAM P. BARR U.S. Attorney General (AG), orchestrated a criminal deprivation of rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S., in violation of 18 U.S.C. § 242- **Deprivation of Rights,  Under Color of Law** against GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher while GREGORY STENSTROM properly disclosing  allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

Enclosure (9)
Allegations of Criminal Misconduct: Department of Justice (DOJ)

ALLEGATION (4): That WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, orchestrated a criminal deprivation of rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S., in violation of 18 U.S.C. § 242- **Deprivation of Rights, Under Color of Law**, against GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher while GREGORY STENSTROM properly disclosing allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

ALLEGATION (5): That WILLIAM P. BARR U.S. Attorney General (AG), orchestrated a criminal conspiracy to defraud the United States while subverting the federal investigative process into allegations of 2020 Presidential Election Fraud, provided by GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, in criminal violation of 18 U.S.C. § 371- **Conspiracy to Defraud the United States**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

ALLEGATION (6): That WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, orchestrated a criminal conspiracy to defraud the United States while subverting the federal investigative process into allegations of 2020 Presidential Election Fraud, provided by GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to WILLIAM M. McSWAIN U.S. Attorney Eastern District of Pennsylvania, in criminal violation of 18 U.S.C. § 371- **Conspiracy to Defraud the United States**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

12June2024000023GS                                                                                                    000033

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

Enclosure (10)
**Allegations of Criminal Misconduct: Department of Justice (DOJ)**

**ALLEGATION (7):** That WILLIAM P. BARR U.S. Attorney General (AG), and members of his senior leadership team: JEFFREY A. ROSEN Deputy Attorney General (DAG); RICHARD P. DONOGHUE Principal Associate Deputy Attorney General (PADAG); BRIAN C. RABBITT "Acting" Assistant Attorney General (AAG) Criminal Division (**CRM**); COREY R. AMUNDSON Chief Public Integrity Section (PIN); RICHARD C. PILGER Director Election Crimes Branch (**ECB**); MICHAEL E. HOROWITZ Inspector General (IG); JEFFREY R. RAGSDALE Counsel Office of Professional Responsibility (OPR); ERIC S. DREIBAND AAG Civil Rights Division (**CRT**); JOHN C. DEMERS AAG National Security Division (**NSD**); CHRISTOPHER A. WRAY 8th Director (**FBI**); DAVID L. BOWDICH 17th Deputy Director (FBI); and COREY F. ELLIS "Acting" Director Executive Office for U.S. Attorneys (**EOUSA**); participated in an orchestrated criminal deprivation, rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S., in violation of 18 U.S.C. § 242- **Deprivation of Rights, Under Color of Law**, against **GREGORY STENSTROM** Delaware County Pennsylvania Pole Watcher while **GREGORY STENSTROM** properly disclosed allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**ALLEGATION (8):** That WILLIAM P. McSWAIN U.S. Attorney Eastern District of Pennsylvania, and members of his senior leadership team: JENNIFER A. WILLIAMS First Attorney U.S. Attorney (FAUSA); JACQUELINE C. ROMERO Assistant U.S. Attorney (AUSA); ERIC L. GIBSON Assistant U.S. Attorney (AUSA); and RICHARD P. BARRETT Chief Corruption, Civil Rights, and Labor Racketeering; participated in an orchestrated criminal deprivation of rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S., in violation of 18 U.S.C. § 242- **Deprivation of Rights, Under Color of Law**, against **GREGORY STENSTROM** Delaware County Pennsylvania Pole Watcher while **GREGORY STENSTROM** properly disclosed allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**19-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (11)**
**Allegations of Criminal Misconduct: Department of Justice (DOJ)**

**ALLEGATION (9):** That WILLIAM P. BARR U.S. Attorney General (AG), and members of his senior leadership team: JEFFREY A. ROSEN Deputy Attorney General (DAG); RICHARD P. DONOGHUE Principal Associate Deputy Attorney General (PADAG); BRIAN C. RABBITT "Acting" Assistant Attorney General (AAG) Criminal Division (**CRM**); COREY R. AMUNDSON Chief Public Integrity Section (PIN); RICHARD C. PILGER Director Election Crimes Branch (**ECB**); MICHAEL E. HOROWITZ Inspector General (IG); JEFFREY R. RAGSDALE Counsel Office of Professional Responsibility (OPR); ERIC S. DREIBAND AAG Civil Rights Division (**CRT**); JOHN C. DEMERS AAG National Security Division (**NSD**); CHRISTOPHER A. WRAY 8th Director (**FBI**); DAVID L. BOWDICH 17th Deputy Director (FBI); and COREY F. ELLIS "Acting" Director Executive Office for U.S. Attorneys (**EOUSA**); criminally denied GREGORY STENSTROM the Right of Honest Service, in violation of 18 U.S.C. § 1346- **Scheme or Artifice to Defraud** to Deprive another of the Intangible Right of Honest Services while GREGORY STENSTROM properly disclosed allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**ALLEGATION (10):** That WILLIAM P. McSWAIN U.S. Attorney Eastern District of Pennsylvania, and members of his senior leadership team: JENNIFER A. WILLIAMS First Attorney U.S. Attorney (FAUSA); JACQUELINE C. ROMERO Assistant U.S. Attorney (AUSA); ERIC L. GIBSON Assistant U.S. Attorney (AUSA); and RICHARD P. BARRETT Chief Corruption, Civil Rights, and Labor Racketeering; criminally denied GREGORY STENSTROM the Right of Honest Service, in violation of 18 U.S.C. § 1346- **Scheme or Artifice to Defraud** to Deprive another of the Intangible Right of Honest Services while GREGORY STENSTROM properly disclosed allegations of 2020 Presidential Election Fraud, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**20-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

Enclosure (12)
**Allegations of Criminal Misconduct: Department of Justice (DOJ)**

ALLEGATION (11): That WILLIAM P. BARR U.S. Attorney General (AG), and members of his senior leadership team: JEFFREY A. ROSEN Deputy Attorney General (DAG); RICHARD P. DONOGHUE Principal Associate Deputy Attorney General (PADAG); BRIAN C. RABBITT "Acting" Assistant Attorney General (AAG) Criminal Division (**CRM**); COREY R. AMUNDSON Chief Public Integrity Section (PIN); RICHARD C. PILGER Director Election Crimes Branch (**ECB**); MICHAEL E. HOROWITZ Inspector General (IG); JEFFREY R. RAGSDALE Counsel Office of Professional Responsibility (OPR); ERIC S. DREIBAND AAG Civil Rights Division (**CRT**); JOHN C. DEMERS AAG National Security Division (**NSD**); CHRISTOPHER A. WRAY 8th Director (**FBI**); DAVID L. BOWDICH 17th Deputy Director (FBI); and COREY F. ELLIS "Acting" Director Executive Office for U.S. Attorneys (**EOUSA**); illegally subjected GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to loss of rights, privileges, or immunities secured by the Constitution and laws while properly disclosing allegations of 2020 Presidential Election Fraud; in violation of 42 U.S.C. § 1983- **Civil Action for Deprivation of Rights**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

ALLEGATION (12): That WILLIAM P. McSWAIN U.S. Attorney Eastern District of Pennsylvania, and members of his senior leadership team: JENNIFER A. WILLIAMS First Attorney U.S. Attorney (FAUSA); JACQUELINE C. ROMERO Assistant U.S. Attorney (AUSA); ERIC L. GIBSON Assistant U.S. Attorney (AUSA); and RICHARD P. BARRETT Chief Corruption, Civil Rights, and Labor Racketeering; illegally subjected GREGORY STENSTROM Delaware County Pennsylvania Pole Watcher to loss of rights, privileges, or immunities secured by the Constitution and laws while properly disclosing allegations of 2020 Presidential Election Fraud; in violation of 42 U.S.C. § 1983- **Civil Action for Deprivation of Rights**, during the period Friday, 07 November 2020-Thursday, 12 November 2020.

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (13)**
**Allegations of Criminal Misconduct: Department of Justice (DOJ)**

**ALLEGATION (13):** That **J. MICHAEL KELLY** Cooley LLP General Counsel (GC) & former Chief of Staff (CoS) to U.S. Attorney General **GRIFFIN B. BELL**, corruptly endeavored to influence, obstruct, in whole or part, the due and proper administration of proceedings (Federal Investigation into criminal allegations of wrongdoing) before the U.S. Department of Justice (DOJ), when **J. MICHAEL KELLY** secured/improperly delivered to **WILLIAM P. BARR** U.S. Attorney General an unauthorized copy of the **GREGORY STENSTROM** affidavit on Election Fraud occurring within Delaware County Pennsylvania during the 2020 Presidential Election properly disclosed to **WILLIAM M. McSWAIN** U.S. Attorney Eastern District of Pennsylvania (USEDPA), in violation of 18 U.S.C. § 1505- **Obstruction of Proceedings before Departments, Agencies, and Committees**, on or about 10 November 2020.

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (14)**
**Allegations of Criminal Misconduct: U.S. Attorney Office Eastern District of Pennsylvania**

**ALLEGATION (1):** That **WILLIAM M. MCSWAIN**, U.S. Attorney Eastern District of Pennsylvania (**EDPA**), engaged his leadership team: **JENNIFER A. WILLIAMS**, First Assistant U.S. Attorney; **JACQUELINE C. ROMERO**, Assistant U.S. Attorney Criminal Division; **ERIC L. GIBSON**, Chief Criminal Division; **RICHARD P. BARRETT**, Chief Corruption, Civil Rights, and Labor Racketeering Branch in a conspiracy to subvert the criminal investigative process into Allegations of **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, disclosed by **GREGORY STENSTROM** Delaware County (DELCO), Pennsylvania, Poll Watcher, in criminal violation of **18 USC § 1510-Obstruction of Criminal Investigations**, during the period 07 November 2020-24 November 2020.

**ALLEGATION (2):** That **WILLIAM M. MCSWAIN**, U.S. Attorney Eastern District of Pennsylvania (**EDPA**), violated the civil rights of **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)**, while acting under color of law, depriving U.S. Citizens of the free exercise of the right to petition the government, secured by the Constitution, when disclosing **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud to the government for redress, without fear of punishment or reprisal, in violation of **18 USC § 242- Deprivation of Rights**, during the period 17 November 2020-24 November 2020.

**ALLEGATION (3):** That **WILLIAM M. MCSWAIN**, U.S. Attorney Eastern District of Pennsylvania (**EDPA**), engaged in a scheme or artifice to deprive **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)** of the intangible right of honest services, when directing his Criminal Investigations Division (**CID**) to not conduct criminal investigation into allegations of **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, occurring within Delaware County (DELCO), Pennsylvania, in violation of **18 USC § 1346- Definition of Scheme or Artifice to Defraud**, during the period 17 November 2020-24 November 2020.

**ALLEGATION (4):** That **JACQUELINE C. ROMERO**, Assistant U.S. Attorney Criminal Division, engaged her leadership team: **ERIC L. GIBSON**, Chief Criminal Division; and **RICHARD P. BARRETT**, Chief Corruption, Civil Rights, and Labor Racketeering Branch in a conspiracy to subvert the criminal investigative process into Allegations of **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, disclosed by **GREGORY STENSTROM** Delaware County (DELCO), Pennsylvania, Poll Watcher, in criminal violation of **18 USC § 1510- Obstruction of Criminal Investigations**, during the period 07 November 2020-Present.

**ALLEGATION (5):** That **JACQUELINE C. ROMERO**, Assistant U.S. Attorney Criminal Division engaged in a scheme or artifice to deprive **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)** of the intangible right of honest services, when directing her Criminal Investigations Division (**CID**) to not pursue substantial allegations of voting irregularities, prior to certification of State elections, fully aware of the fact that clear and credible allegations of irregularities reported by **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)** could potentially impact the outcome of the federal election in the state of Pennsylvania, in violation of **42 USC § 1983- Civil Action for Deprivation of Rights**, during the period 07 November 2020-**Present**.

**23-24**

**Department of Justice (DOJ): Subversion of Election-Related Crime Investigation**

**Enclosure (15)**
**Allegations of Criminal Misconduct: Commonwealth of Pennsylvania**

**ALLEGATION (1):** That **THOMAS W. WOLF**, Governor Commonwealth of Pennsylvania, engaged his leadership team: **JOHN K. FETTERMAN, JOSHUA D. SHAPERO, VERONICA WILLIAMS DEGRAFFENREID, KATHRYN BOOCKVAR, JONATHAN M. MARKS, TIMOTHY E. GATES, SARI J. STEVENS, MIKE MOSHER, JOHN F. KITZENGER, AIDA I. AMRCEL, BENJAMIN WALTON** in a criminal conspiracy to subvert the criminal investigative process into Allegations of **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, disclosed by **GREGORY STENSTROM** Delaware County (DELCO), Pennsylvania Poll Watcher, in criminal violation of **18 USC § 1510-Obstruction of Criminal Investigations**, during the period 07 November 2020-24 November 2020.

**ALLEGATION (2):** That **JOSHUA D. SHAPERIO**, 50ᵗʰ Attorney General of Pennsylvania, violated the civil rights of **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)**, when directing his Criminal Investigations Division (**CID**) to engage in retaliatory criminal investigative action, designed to intimidate witnesses to **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, occurring within Delaware County (DELCO), Pennsylvania in violation of **18 USC § 241- Conspiracy Against Rights**, during the period 17 November 2020-24 November 2020.

**ALLEGATION (3):** That **JOSHUA D. SHAPERIO**, 50ᵗʰ Attorney General of Pennsylvania, violated the civil rights of **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)**,while acting under color of law, depriving U.S. Citizens of the free exercise of the right to petition the government, secured by the Constitution, when disclosing **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud to the government for redress, without fear of punishment or reprisal, in violation of **18 USC § 242- Deprivation of Rights**, during the period 17 November 2020-24 November 2020.

**ALLEGATION (4):** That **JOSHUA D. SHAPERIO**, 50ᵗʰ Attorney General of Pennsylvania, engaged in a scheme or artifice to deprive **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)** of the intangible right of honest services, when directing his Criminal Investigations Division (**CID**) to engage in retaliatory criminal investigative action, designed to intimidate witnesses to **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, occurring within Delaware County (DELCO), Pennsylvania, in violation of **18 USC § 1346- Definition of Scheme or Artifice to Defraud**, during the period 17 November 2020-24 November 2020.

**ALLEGATION (5):** That **THOMAS W. WOLF**, Governor Commonwealth of Pennsylvania, and members of his senior leadership team: **JOHN K. FETTERMAN**, Lieutenant Governor; **JOSHUA D. SHAPIRO**, Attorney General; **JOHN F. KITZINGER**, Deputy Chief Criminal Investigations Division (CID); **VERONICA WILLIAMS DEGRAFFENREID**, Special Advisor Election Modernization; **LUCAS M. MILLER**, State Inspector General (IG); **KATHRYN BOOCKVAR**, Secretary of the Commonwealth; **TIMOTHY E. GATES**, Chief Counsel; **SARI J. STEVENS**, Executive Deputy Secretary; **JONATHAN M. MARKS**, Deputy Secretary Election & Commissions; **MIKE MOSER**, Bureau of Election Security & Technology; subjected **GREGORY STENSTROM** and **OTHER UNNAMED INDIVIDUALS (OUI)** to loss of rights, privileges, or immunities secured by the Constitution and laws while properly disclosing **2020 Presidential Election/Pennsylvania Attorney General (AG) Election** fraud, in violation of **42 USC § 1983-Civil Action for Deprivation of Rights**, during the period 01 November 2020- 24 November 2020.