IN THE
# United States District Court
# Eastern District of Pennsylvania
**CIVIL ACTION - ELECTION LAW**

| | |
|---|---|
| **ROBERT MANCINI, PRO SE,**<br>Authorized Representative<br>and<br>**JOY SCHWARTZ, PRO SE**<br>Candidate for Delaware County Council<br>and<br>**GREGORY STENSTROM, PRO SE**<br>Authorized Representative<br>and<br>**LEAH HOOPES, PRO SE**<br>Authorized Representative<br>**Plaintiffs,**<br><br>v.<br><br>**DELAWARE COUNTY, PA,**<br>and<br>**DELAWARE COUNTY BOARD OF ELECTIONS**<br>**Defendants.** | Case No. **2:24-cv-02425-KNS**<br><br>CIVIL ACTION: VIOLATION OF FEDERAL ELECTION LAW<br><br>**MOTION FOR JUDGEMENT ON PLEADINGS IN FAVOR OF PLAINTIFFS**<br><br>INJUNCTION REQUESTED<br>DISCOVERY REQUESTED<br>ORAL ARGUMENTS REQUESTED<br>JURY TRIAL REQUESTED |

## MOTION FOR JUDGEMENT ON THE PLEADINGS IN FAVOR OF PLAINTIFFS

1. Pro Se Plaintiffs move for judgement on the pleadings pursuant to 49 CFR § 821.17(c).

2. 49 CFR § 821.17(c) *Motions for judgment on the pleadings* states "A party may file a motion for judgment on the pleadings on the basis that no answer has been filed, or that the pleadings disclose that there are no material issues of fact to be resolved and that party is entitled to judgment as a matter of law."

3. Defendants' attorneys did not file timely Preliminary Objections, Affirmative Defenses or

Page **1** of **10**

000001

New Matter, and have not addressed any of the merits of Plaintiffs' claims in accordance with Federal Rules of Civil Procedure 12(1)(A)(i), and Plaintiffs Notice to Plead.

4. Instead, Defendants filed their Motion to Dismiss on July 1st, 2024, based solely on alleged procedural legal defects in Plaintiffs filings, which Plaintiffs timely responded to.

5. Defendants have not refuted a single specific allegation made by Plaintiffs, instead presuming to make a broad judicial conclusion for the Honorable Court that Defendants case is "meritless" because Defendants have been reportedly "debunked" by:

   a. A fraudulent story placed with *Factcheck.org* by Defendants' attorneys (Duane Morris and, specifically, J. Manley Parks) who were paid by Defendants to "debunk" Plaintiffs claims. *Factcheck.org* is a Non-Governmental Organization (NGO), funded by The Annenberg Public Policy Center at the University of Pennsylvania which paid Joseph Biden $1M annually, and routinely "debunks" anything inconvenient to their political narrative without benefit of any actual "investigation." *Factcheck.org* "debunking" does not meet any legal threshold as either "factual" or "evidence."

   b. Court cases which were quashed and administratively closed by Defendants without cause or explanation, and without any hearing or adjudication by a trial court. See Defendants' own Exhibit A in their Motion to Dismiss which was the docket print-out for a case that was inexplicably and administratively closed by the Defendants Office of Judicial Support, without assignment of a judge by the President Judge, or hearing, trial, or any rulings on (still) pending Motions, or adjudication by the trial court. (Exhibit A)

   c. "Investigations" by Defendant (Delaware County) District Attorney (DA) Jack Stollsteimer, which never occurred, and DA Stollsteimer falsely attested to. (Exhibit B)

   d. "Investigations" by (then) Pennsylvania Attorney General (PA AG) Josh Shapiro, which also never occurred, and PA AG Shapiro falsely attested to.

000002

(Exhibit C)

    e.   Court cases which are still in trial court and appellate court trajectory that have not been heard or ruled on yet. (*Stenstrom and Hoopes v Secretary of the Commonwealth et al*, 876 CD 2022).

    f.   References to public records and exculpatory evidence that Defendants attorneys have ordered to be destroyed or spoliated in defiance of Pennsylvania Rules of Civil Procedure and Rules of Professional Conduct litigation holds.

    g.   References to public records and exculpatory evidence that Defendants attorneys have defiantly refused to release despite orders from Pennsylvania Office of Open Records to do so in accordance with 65 P.S.

    h.   Orders to unlawfully withhold public records by elected trial court judges beholden to Defendants and political parties who are the subjects of Plaintiffs lawsuit.

6.  Refusing to hear cases, overturning "Right to Know" public record transparency orders, refusing to permit lawful recounts, redacting public records, pointing to a partisan NGO "factchecker," and refusing to respond to allegations that election machines have not been certified, verified or tested in accordance with law, can hardly be called "winning."

7.  Defendants recalcitrant, self-referential arguments, and circular logic steps all over the Constitutional and Civil rights cited by Plaintiffs in their arguments.

8.  All of the above "noise" and protestations by Defendants have absolutely nothing to do with the subject case, which boils down to whether Defendants certified, verified, and tested the election machines – which they did not – and to which Defendants have offered no defense for.

9.  The clear and obvious time and space strategy of Defendants is to run out the clock before the November 2024 election, strategically moot timely remedies that could be taken by this Honorable Court to prevent election fraud, and potentially buy another 30-

000003

90 days assuming Plaintiffs submitted an amended complaint.

10. Defendants have refused to participate in Federal RCP Rule 26(f) conference and Honorable Judge Kai Niambi Scotts directive to comply with local rules of the Eastern District Court of Pennsylvania. Defendants stated it was "premature" in another obvious attempt to avoid hearings on the merits of Plaintiffs' complaint, and delay or subvert a Rule 16 conference to move hearings and trial out past the November 2024 national election (See Exhibit D).

11. Defendants obtusely and fraudulently characterize their blatant refusal to comply with federal and state statutory law, and clarifying directives from the Secretary of the Commonwealth to:

   a. Certify election machines in accordance with 52 USC 21081(a)(5), and attest to that certification.

   b. Conduct secure build (hash test) verifications on ALL election machines, and,

   c. Conduct Logic and Accuracy testing on ALL election machines in accordance with statutes and directives,

   as "*not being to the personal satisfaction of Plaintiffs*" versus the laws and directives cited by Plaintiffs.

12. Note that Defendants deftly do NOT refute Plaintiffs' claims that Defendants are in violation of statutes requiring certification, verification, and testing. "*Not being to the personal satisfaction of Plaintiffs*" avoids and obfuscates the fact that Plaintiffs claims are true. This is non-responsive, and a waiver of timely preliminary objections.

13. Hence, the only specific and particular pleadings before the Honorable Court 55-days after Plaintiffs filed their complaint are Plaintiff's evidence that Defendants refuse to comply with federal and state statutes, and clarifying Secretary of the Commonwealth directives to lawfully certify, validate software, and verify accuracy of election machines, and Defendants own admissions (and glaring omissions) that Plaintiffs complaints are factual.

14. The Honorable Court must rule on the FACTS and has no discretion in this matter to make conclusions based on FACTS not in evidence, that Defendants have refused to address in any pleading or their motion to dismiss.

1. Plaintiffs have met their burden of production and proof of Defendants violations of law. In accordance with Defendants own citation in their Memorandum of Law, this Honorable Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, **in the light most favorable to the plaintiff**." *Machon v. Pennsylvania Dep't of Pub. Welfare*, 847 F. Supp. 2d 734, 743 (E.D. Pa. 2012).

15. While it is highly likely, and perhaps a certainty, that Defendants might appeal this Honorable Court's ruling in favor of the Plaintiffs' pleadings, it is the Defendants' own licensed attorney's conniving and deficiencies in not asserting defenses on the merits of Plaintiffs' complaint, disregard of Defendants' Notice to Plead, refusal to participate in a timely Rule 26(f) conference, and intent to strategically moot Plaintiffs claims, that have defeated Defendants in this case.

16. Defendants' procedural objections in their Motion to Dismiss constitute fraud upon the Honorable Court, as discussed in Plaintiffs timely response.

17. Most succinctly, Defendants have shown utter contempt for the spirit and intent of the law and this Honorable Court, the Plaintiffs, and the People, by relying on their "cleverness" and procedural machinations to subvert the law (and unlawfully inject untested election machines in the November 2024 election), rather than simply responding to Plaintiff's very specific allegations, of which Defendants are egregiously guilty of.

18. The option of having a trial by jury, which Plaintiffs have demanded and for which they have a constitutional right, would be fruitless, and immediately appealable by Pro Se Plaintiffs, from the perspective that Defendants' underlined licensed attorneys have waived their rights to argue on the cases merits, which Defendants have not and cannot refute, even if the Honorable Court permitted them to attempt to do so.

19. The facts are that the Defendants have NOT certified the election system and machines,

they have not validated the software and hardware, and tested all election machines, starting with the 2020 elections and there is no possible reason for the Honorable Court to presume they will do so for the November 2024 election, without its intervention.

20. Given that Defendants have defiantly and malevolently violated laws and Commonwealth of Pennsylvania directives enacted by the Pennsylvania Legislature starting in 2020, and defied and reversed orders from the Pennsylvania Office or Open Records, or permit related cases to be heard in lower state courts, it would be unreasonable for the Honorable Court to presume Defendants would honor any negotiated "promise" to comply with laws and directives "this time" and going forward (now that they have been caught). This is the very definition of public corruption, "strategic mooting" and the reason for the "strategic mooting" exception clause(s).

21. The remedy of not permitting the use of election machines, and reverting to transparent <u>decentralized</u> precinct-by-precinct hand count of ballots, as was the practice for the better part of two-hundred (200) years, prior to November 2020 has been a practice shown to historically work, notwithstanding Defendants' unsubstantiated platitudes that <u>centralized</u> counting and secretive administration of elections by government bureaucrats is "betterer."

22. Whether Defendants documented violations of election law regarding certification of election systems and election machines are purposeful, nefarious, or the result of incompetence or "misunderstandings," they have clearly demonstrated they cannot technically administer election machines. Taking it out of the relative few hands of the Defendants, and returning elections back to the 428 precincts and statutorily required 2,140 capable (and paid)  election workers hands that staff those precincts, and observance by 856+ statutorily defined, bipartisan, "certified poll watchers," "authorized representatives," "candidates," and "named attorneys" defined by 25 P.S. Election Code, is a reasonable, feasible, and common sense solution.

23. Defendants Motion to Dismiss moans and whines that Plaintiffs had the temerity to exhaust their administrative remedies and filed lawsuits and open records "Right to Know" requests, to gain some level of transparency into the secretive elections bureaucratically administered

000006

by Defendants.

24. Defendants have roundly rejected and thwarted ANY transparency of elections, including the lawful certifications testing of machines, recounts, canvassing, examination of Mail in Ballot envelopes, and demands for reconciliation reports, which underscores the fact that high risk vectors of election fraud must be eliminated and addressed by the Honorable Court BEFORE the upcoming 2024 national election.

25. The Defendants' entire core premise, and unsubstantiated procedural arguments in their Motion to Dismiss, is that their bureaucratic means of administering elections are more efficacious than the methods which were previously used for hundreds of years in the United States of America, and across the world, to sustain republics and democracies.

26. The controversies of the 2020 and 2022 federal elections that our nation has been embroiled in, which have been a direct result of the interpretations of law by a relative handful of government bureaucrats, do not support the Defendants' Motion to Dismiss.

27. The recent US Supreme Court June 28, 2024 overturning of the "Chevron defense" applies here even though Defendants are a local agency, and was a clear signal that interpretation of the laws of legislatures is within the jurisdiction, and to be interpreted by, the Courts and Honorable Judges, and not by bureaucratically appointed public officials.

28. Hence, in the absence of any timely arguments by the Defendants specific to the Plaintiffs allegations, Plaintiffs respectfully move this Honorable Court to find in favor of the Plaintiffs on the Pleadings and grant the attached Order.

Respectfully submitted,

/S/ Rober Mancini, Joy Schwartz, Gregory Stenstrom, Leah Hoopes /S/

July 29th, 2024

### VERIFICATION

We, the Plaintiffs herein and listed below, state that we are PRO SE PLAINTIFFS in this matter and are authorized to make this Verification on its behalf. We hereby verify that the statements made in the foregoing MOTION FOR JUDGEMENT ON PLEADINGS IN FAVOR OF PLAINTIFFS are true and correct to the best of our knowledge, information, and belief. This verification is made subject to the penalties of 19 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/S/ Robert Mancini, Joy Schwartz, Gregory Stenstrom, /S/

July 29th, 2024

000008

SELF REPRESENTATION (PRO SE)

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

CASE No. 2:24-CV-02425-KNS

**MOTION FOR JUDGEMENT ON PLEADINGS**
**IN FAVOR OF PLAINTIFFS**

MANCINI, et al.
Plaintiffs,
v.
DELAWARE COUNTY BOARD OF ELECTIONS,
PA, et. al,
Defendants

**CERTIFICATE (PROOF) OF SERVICE**

Plaintiffs certify that they caused the subject **MOTION FOR JUDGEMENT ON PLEADINGS IN FAVOR OF PLAINTIFFS** to be properly served on the following:

Defendants Delaware County and Delaware County Board of Elections
Solicitor for Defendants J. Manly Parks, Nick Centrella
Delaware County Government Center
201 West Front Street, Media, PA 19106

/S/ Robert Mancini, Joy Schwartz, Gregory Stenstrom, Leah Hoopes /S/

July 29th, 2024

000009

**ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion for Judgment on the Pleadings of Plaintiffs and any response thereto, it is hereby ORDERED that said Motion is GRANTED and Judgment on the Pleadings is entered in favor of the Plaintiffs.

Defendants shall Cease and Desist from using electronic voting machine systems in Delaware County, Pennsylvania, and return to hand counted votes in county precincts under bi-partisan observation for the November 2024 national election, and all subsequent elections.

Plaintiffs will submit all litigation to the Court for review, and oversight that have been delayed, quashed, and strategically mooted for review of violation of Plaintiffs' civil rights.

Monetary Damages and sanctions in the amount of _____ to be paid to the Plaintiffs.


BY THE COURT:

_____
J.

EXHIBIT A



| Case Search |
| Create Filing |
| Filings |

## DELAWARE COUNTY, PENNSYLVANIA E-FILING

Nicholas M Centrella , J        61

### Case Information

| | |
|---|---|
| **Court** | Delaware County Court of Common Pleas |
| **Case** | CV-2022-008091 |
| **Class** | Civil - Miscellaneous - Other |
| **Short Title** | Hoopes et al v. Delaware County Board of Elections et al |
| **Status** | AOPC Closed |

Create E-Filing

## Case View - CV-2022-008091                                             ?

### CASE INFORMATION

| | | | |
|---|---|---|---|
| **Court Level** | Court of Common Pleas | **Court** | Delaware County Court of Common Pleas |
| **Case Title** | Hoopes et al v. Delaware County Board of Elections et al | **Case Type** | Civil - Miscellaneous - Other |
| **Filed Date** | 10-31-2022 | **Status** | AOPC Closed |
| **Next Hearing** | | **Judge** | |
| **Next Hearing Type** | | | |

### PARTIES / PARTICIPANTS

| # | Role | Name | Attorney | Service Type |
|---|------|------|----------|--------------|
| 1 | Plaintiff | Hoopes, Leah | | Conventional |
| 1 | Defendant | Delaware County Board of Elections | MARTIN, WILLIAM F<br>Centrella, Nicholas M, Jr<br>PARKS, J MANLY | Conventional<br>eService<br>Conventional |
| 2 | Defendant | Delaware County Bureau of Elections | MARTIN, WILLIAM F<br>Centrella, Nicholas M, Jr<br>PARKS, J MANLY | Conventional<br>eService<br>Conventional |
| 2 | Plaintiff | Stenstrom, Gregory | | Conventional |
| 3 | Plaintiff | Missino, Nichole | | Conventional |
| 3 | Defendant | Alberts, Scott | | Conventional |
| 4 | Defendant | Parks, James M. | | Conventional |
| 5 | Defendant | Allen, James P | | Conventional |
| 6 | Defendant | Wright, Robert | | Conventional |
| 7 | Defendant | Lunkenheimer, Ashley | | Conventional |
| 8 | Defendant | Reuther, Christine | | Conventional |
| 9 | Defendant | Taylor, Monica | | Conventional |
| 10 | Defendant | Schaefer, Elaine P | | Conventional |
| 11 | Defendant | Madden, Kevin M | | Conventional |
| 12 | Defendant | Womack, Richard R, Jr | | Conventional |
| 1 to 15 of 15 records | | | | |

FILTER ▸

DOCKET SHEET

| Filed Date | Document Description | Filed By | |
|---|---|---|---|
| 01-09-2023 | Answer - Plaintiff's Reply | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 01-09-2023 | Certificate - Certificate of Service | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 01-06-2023 | Answer - Plaintiff's Reply | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 01-06-2023 | Certificate - Certificate of Service | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 01-05-2023 | Motion - Motion to Strike Amended Complaint | Delaware County Board of Elections | |
| 12-22-2022 | Complaint - Amended Complaint | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 12-22-2022 | Certificate - Certificate of Service | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 12-19-2022 | Memorandum - Memorandum of Law | Delaware County Board of Elections, Delaware County Bureau of Elections | |
| 12-16-2022 | Memorandum - Memorandum of Law | Delaware County Board of Elections, Delaware County Bureau of Elections | |
| 12-09-2022 | Answer - Answer to Preliminary Objections | Leah Hoopes | |
| 12-08-2022 | Certificate - Certificate of Service | Leah Hoopes | |
| 12-05-2022 | Certificate - Certificate of Service | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 12-02-2022 | Financials - Receipt | | |
| 12-01-2022 | Certificate - Certificate of Service | Gregory Stenstrom, Leah Hoopes, Nichole Missino | |
| 12-01-2022 | Motion - Motion | | |
| 12-01-2022 | Petition - Petition for Reconsideration | | |
| 11-23-2022 | Preliminary Objection - Preliminary Objections | Delaware County Board of Elections | |
| 11-22-2022 | Order - Order Denying Emergency Motion/Petition | | |
| 11-22-2022 | Memorandum - Memorandum of Law | Delaware County Board of Elections, Delaware County Bureau of Elections | |

| Filed Date | Document Description | Filed By | |
|---|---|---|---|
| 11-22-2022 | Order - Scheduling Order | | |

1 to 20 of 41 records                                                        **1**, 2, 3   Next

EXHIBIT B

000016



**OFFICE OF THE DISTRICT ATTORNEY**
DELAWARE COUNTY COURTHOUSE
MEDIA, PENNSYLVANIA 19063

(610) 891-4162

**JACK STOLLSTEIMER**
DISTRICT ATTORNEY

<u>**Right-To-Know Response**</u>

December 28, 2023

Leah Hoopes & Greg Stenstrom
241 Sulky Way
Chadds Ford, PA 19317
<u>Leahfreedelcopa.@protonmail.com</u>

Re: Right-to-Know Law Request No. 35 of 2023

Dear Ms. Hoopes and Mr.Stenstrom,

Thank you for writing to the Office of the Delaware County District Attorney to request records pursuant to Pennsylvania's Right-to-Know Law ("RTKL"), 65 P.S. §§ 67.101 *et seq.*

A copy of your request is attached, which in addition to the unsigned letter request dated November 15, 2023, also includes three signed and notarized declarations, and a single sheet that appears to be tilted "Totally missing V Drive." This office received the request on November 17, 2023 and sent a 30-day extension letter on November 21, 2023. A final response to your request is due on or before December 28,2023.

The request seeks records from the dates of "on or before November 3rd, 2020 to the present time and month ending November 2023," and your enumerated requests are below and underlined (copied and pasted directly from your request letter), with a response following each:

1) <u>Please provide any/all criminal or civil investigative records, complaint forms online/ digital, interoffice e-mails, or paper records with the complaint number(s) with this agency as it pertains to any/all criminal investigations initiated in November 2020 which is not privileged or confidential information as it pertains to Leah Hoopes and/or Greg Stenstrom.</u>

*While your overall request seeks records from the dates of "on or before November 3rd, 2020 to the present time and month ending November 2023" this enumerated request*

1

*specifically asks for records pertaining to "any/all criminal investigations initiated in November 2020." This office does not possess records responsive to your request.*

*Specific date notwithstanding, if such records exist, the request, on its face is phrased in a manner where it is clear that records relating to a criminal investigation are being requested and are there by exempt from disclosure. "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)." Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014). A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc)."*

*This request is denied.*

2) <u>Please provide any/all sworn or non-sworn statements, complaints, or communications made about Leah Hoopes and/or Gregory Stenstrom. This should also include any human resources employed or not employed by Delaware County District Attorney's Office as it pertains to the Respondents complaints and sworn falsifications that they have made on and off public records and in litigation that involved agents that have manufactured without facts in the form of court reports and Sworn Affidavits.</u>

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking. In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify any sender or recipient of the communications requested. The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure. "If a record, on its face, relates to a criminal investigation, it*

2

*is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc)."*

*This request is denied.*

3) <u>Please provide the names of any/all investigator(s), assistants, involved parties, private law firms, county employees, private investigators that were assigned, tasked or participated in any/all investigations that that were discussed, initiated start and end dates of any and all investigations as it pertains to Leah Hoopes and/or Gregory Stenstrom who are Federal Witnesses and Whistleblowers as it pertains to the 2020 General Election and the criminally malicious lawsuits filed with the afore mentioned County Personnel. This should also include any/all employees and or agents that were involved in these matters must be identified, and their names released; (unless they are engaged in undercover work, and budgets cannot be classified.) (Names of the Persons that sued you and Greg or made statements to media or anything.)</u>

*As phrased, this request is insufficiently specific as this request fails to identify a specific type of record being requested. In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*It also seems this office is being asked to create a record, as no such list of names exists. Pursuant to 65 P.S. § 67.705, an agency is not required to create a record or compile information that was not previously documented.*

*Lastly, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal*

3

*wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

4) <u>Please provide any/all recorded audio and video taken, preserved, saved, stored, sent, received e-mails or deleted from whistleblower, Regina Miller, and released by the District Attorney to the Delaware County Solicitor, and to the District Attorney or to the Solicitor or any other agency, media outlet, law firm or any opposing party in November 2021 that was in fact provided to main stream news outlet by the District Attorney's office of Delaware County, Pennsylvania staff or personnel.</u>

*This request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify any sender or recipient of the records requested. The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not  enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

 *Also, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would thereby reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*To the extent that you are requesting to view a video that is on a public domain, presumably the video can be accessed by you without assistance from this office.*

4

*This request is denied.*

5) <u>Please provide the Meeting Minutes of board meetings, as well as letters and memos pertaining this Right to Know request in respect and to the investigation initiated by the Delaware County District Attorney's office during the detailed time frames requested.</u>

*This office is not in possession of records responsive to this request.*

6) <u>Please provide any/all communications, information, letters, e-mails sent and received, dates, timelines, phone calls made to the Pennsylvania Attorney General's Office, Josh Shapiro or his agents, or the Federal Bureau of Investigation by ways and or any/all means, and methods used by the Delaware County District Attorney's Office its employees, agents or 3rd parties. This should also include ALL electronic copies of ALL email records to and from the various email domains that include specific and detailed list of keywords the agencies could of or did use to conduct any investigation, search or filing complaints against the Requesters Leah Hoopes and/or Gregory Stenstrom.</u>

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify any sender or recipient of the correspondences requested. The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal*

5

*wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

7) <u>Please provide any/all Police reports, photographs, interviews or any other information that the agency might have, maintained, e-mails, sent, received, deleted or destroyed as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify any sender or recipient of the correspondences requested. The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure. "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

8) <u>Please Provide Emails sent from any/all public employee's work email accounts are records of their respective agency, and if they are related to that agency's business or investigation as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

6

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify any sender or recipient of the correspondences requested. The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, this request might be misdirected, as it appears to be asking this office for the records of other unnamed agencies, records that would presumably not be in the possession of this office.*

*Lastly, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

9) <u>Please provide third-party records public records under the RTKL, that Agency or third-party in the possession of the contracting party and must directly relate to the governmental function as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh*

7

*Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify what kinds of records are being sought, and specifically from whom.  The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, this request might be misdirected, as it appears to be asking this office for the records of other unnamed agencies, records that would presumably not be in the possession of this office.*

*Lastly, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

10) <u>Please provide any/all in person meeting dates, names, and title/ capacity of any witnesses that were interviewed during the investigation and the (detailed time frames from when to when). We or the Respondents, (are not asking for personal information), just the name of sources, witnesses, or agents that do not enjoy any legal protections from withholding these public records, and where the "Respondents" have accused the "Requesters" to have acted, defamed, or slandered in a criminally malicious operation in attempt to stop, prevent, or cover up their own bad acts, material misstatements, acts of verifiable recorded fraud, because they are elected officials and they hold positions of public trust which is even more important why these records do not have legal privilege to withhold that negatively affect the public body they serve as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

*This office is not in possession of records responsive to this request.*

8

11) <u>Please provide any/all agendas, notes, statements, recordings, county phone, county cell phone, private cell phone communications conducting county business person have been made on or off record by phone, text, e-mail, encrypted chat apps, mail, or private couriers as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

*As phrased, this request is insufficiently specific enough to identify a transaction or business of the District Attorney's Office. Thus, this office is unable to ascertain what records you may be seeking.  In determining whether a particular request is sufficiently specific, a three-part balancing test is employed. See, Pa. Dep't of Educ. v. Pittsburgh Post-Gazette, 119 A.3d 1121 (Pa. Commw. Ct. 2015), and Carey v. Pa. Dep't of Corr., 61 A.3d 367, 372 (Pa. Commw. Ct. 2013). First, "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." Pa. Dep't of Educ., 119 A.3d at 1125. Second, the scope of the request must identify a discrete group of documents (e.g., by type or recipient). Id. Third, "[t]he timeframe of the request should identify a finite period of time for which the records are sought." Id. at 1126. This factor is the most fluid and is dependent upon the request's subject matter and scope. Id. None of these factors are dispositive; instead, courts have emphasized the importance of a "flexible, case by case, contextual application of the test." Office of the DA of Phila. v. Bagwell, 155 A.3d 1119, 1145 (Pa. Commw. Ct. 2017).*

*Here, the request fails to identify what kinds of records are being sought, and specifically from whom.  The lack of information, coupled with the multi-year time frame, or a narrower scope, to help limit the vast universe of potentially responsive records, is not enough to give the request the specificity required to provide this office with sufficient context to determine which records are potentially responsive to the Request. See Pa. Dep't of Educ., 119 A.3d at 1125; see also Pa. Dep't of Envtl. Prot. v. Legere, 50 A.3d 260, 265 (Pa. Commw. Ct. 2012).*

*Also, on its face, this request is phrased in a manner where it seems you might be requesting records that relate to a criminal investigation; records which would thereby be exempt from disclosure.  "If a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to 708(b)(16)(ii)."  Barros v. Martin, 92 A.3d 1243 (Pa. Commw. Ct. 2014).  A law enforcement agency is not required to disclose documents that relate to a criminal investigation and that would reveal the institution, progress, or result of a criminal investigation, except for the filing of criminal charges. 65 P.S. § 67.708(b)(16)(vi)(A). If information is assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing, it is exempt from disclosure. Pennsylvania State Police v. Office of Open Records, 5 A.3d 473 (Pa. Commw. Ct. 2010) (en banc).*

*This request is denied.*

12) <u>Please provide all billing, invoices, detail the money spent with county, state, federal finances used to investigate the November 2020 election, specifically Leah Hoopes and Gregory Stenstrom and the whistleblower video and audio released in November 2021 as it pertains to Leah Hoopes and/or Gregory Stenstrom.</u>

*This office is not in possession of records responsive to this request.*

9

13) Please provide any/all private letters or any/all e-mail, text or any/all communications provided by the District Attorney's office, or County Offices to Gerald Lawrence on/ before or after May 2022 and as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

14) Please provide any/all communications, emails, texts, faxes, attachments, in preparation for the June 2nd, 2022 press release for the District Attorney as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

15) Please provide any/all emails communications between County Attorneys, Private attorneys, 3rd parties, County Council members (as well as between attorneys, council and council employees) regarding any matters as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

16) Please provide any/all emails communications between elected or non-elected personnel or the Agency that made political or investigative inquiries or complaints within or outside the District Attorney's office and between the County Offices to include any communications to media that were used to slander, or to defame their political enemies for exposing political or public corruption or misconduct or collected any/all information on the Leah Hoopes and/or Gregory Stenstrom as part of the "Respondents or the Agencies" investigations as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

17) Please provide any/all legal correspondence, legal records, videos, communications electronic and written that may, or may not have been destroyed, altered, or tampered with, or have been removed, redacted, hidden or manipulated to these exact, detailed specific requests for information as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

18) Please provide any/all "tip letters", "notices" or "official" or "non-official" investigative files associated with any/all agencies and their investigation of Leah Hoopes and Gregory Stenstrom and as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

19) Please provide in detail any/all conflicts of interest which would prevent the Respondents attorneys from working on the same case as it pertains to Leah Hoopes and/or Gregory Stenstrom.

*This office is not in possession of records responsive to this request.*

20) Please provide all communications to and from the District Attorneys Office, County office, Private Attorneys, or 3rd parties that may or may not have communicated favors,

10

requests, or any other communication to Judge Jack Whelan, Judge John Cappuzzi , Judge Barry Dozor, Judge Spiros Angelos, Judge Michael Erdos, and any other agents for the Courts, 3rd parties of Delaware, Philadelphia or any other counties that may have participated in the swaying of public opinion, and in court proceedings against Leah Hoopes and/or Gregory Stenstrom

*This office is not in possession of records responsive to this request.*
-----------------------------------------------------------------------------------------------------

You have a right to appeal the denied portions of this request in writing to: Office of Open Records, 333 Market St., 16th Floor, Harrisburg, PA 17101-2234. Appeals can also be filed online at the Office of Open Records website, https://www.openrecords.pa.gov.

If you choose to file an appeal you must do so within 15 business days of the mailing date of the agency's response. *See* 65 P.S. § 67.1101. Please note that a copy of your original RTKL request, the agency's extension notice, and this denial letter should be included when filing an appeal. More information about how to file an appeal under the RTKL is available at the Office of Open Records website, https://www.openrecords.pa.gov.

If you have additional questions, please contact Deputy District Attorney Salena Jones, who answered this request in the place of ADA Rachael Kemmey who has a conflict. This correspondence will serve to close this record with our office as permitted by law.

Respectfully,

Salena Jones
Deputy District Attorney
joness@co.delaware.pa.us

EXHIBIT C

000028



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE A. HENRY
ATTORNEY GENERAL

February 1, 2024

15th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 783-1111

E-mail:  leahfreedelcopa@protonmail.com

Leah Hoopes
241 Sulky Way
Chadds Ford, PA  19317

   **RE:**  **Right to Know Request**
       **2023-299**

Dear Ms. Hoopes:

  This letter acknowledges receipt by the Office of Attorney General of your written request for records under the Pennsylvania Right-to-Know Law (65 P.S. § 67.101 *et seq.*) ("RTKL").  The Right to Know Office received your request on December 22, 2023.  On January 2, 2024, you were notified that a legal review was necessary to determine whether the records requested are subject to access under the RTKL and that additional time was required to perform this review.  As provided in the RTKL, the Office of Attorney General ("OAG") required up to an additional 30 calendar days, or until February 1, 2024, in which to provide a final response to your request.  The review has now been completed, and this letter serves as our final response.

  The "identified records" are those stated in your December 22, 2023 request, as modified by any subsequent communications.  Specifically, your request indicates that you are seeking the following information:

    1. Please provide the First and Last Names of the Pennsylvania Attorney Agents who ordered, responded, and directed to Leah Hoopes, Gregory Stenstrom, and also Joe Driscoll's homes on, before, during or after November 17th, 2020 to the present time and date and per the follow up phone call to Agent:

000029

Leah Hoopes                                          February 1, 2024
Right to Know Request
Page 2

2.  Please provide the Pennsylvania Attorney Agents reports, orders and detailed directives from their supervisors from their visit to Leah Hoopes, Gregory Stenstrom, and also Joe Driscoll's homes on, before, during or after November 17th, 2020 to the present time and date?

3.  Please provide all reports, emails, phone calls, faxes, developed by Special Agent Aidi Marcial, and any other agents or involved staff as it pertains to Leah Hoopes and Gregory Stenstrom.

4.  Please provide Global Positioning Data of their State Issued Cell Phones, and as well GPS of Special Agent, Aidi Marcial and any/all other agents that visited Leah Hoopes, Gregory Stenstrom, and also Joe Driscoll's homes on, before, during or after November 17th, 2020 to the present time and date and per the follow up phone call to Agent:

5.  Provide any and all communications between Josh Shapiro (previous AG) and William McSwain and/ or US Attorney Generals' office of the Eastern District in regard to criminal referral for voter fraud during timeframe of April 2020 to ending December 2022.

6.  Please provide the dates, times, e-mails, phone calls, texts, or meetings that took place when US Attorney William McSwain contacted Pennsylvania Attorney General, Josh Shapiro and what information was shared by e-mails, phone calls, text, or meetings took place to discuss the election fraud, and regarding Leah Hoopes and Greg Stenstrom sworn affidavits that were provided to US Attorney William McSwain, to provide to the US Attorney General at the time Bill Barr.

7.  Please provide any and all communications, e-mails, letters, invoices and other things with Kathy Boockvar, President of "Athena Strategies LLC."- a company that advertises as "Election Security, Democracy, and Trust, and also please provide "Brennan Center for Justice" communications e-mails, letters, invoices and other things, and assistance that Kathy Boockvar has provided to Josh Shapiro regarding Leah Hoopes, and Greg Stenstrom any and all assistance and communications while Josh Shapiro was Attorney General to the present date of him being the Governor of Pennsylvania.

8.  Please provide all financial records that Josh Shapiro used to investigate, intimidate, harass, or threaten Leah Hoopes, and

Leah Hoopes                                                           February 1, 2024
Right to Know Request
Page 3

Greg Stenstrom when and following them reporting Election
Fraud and reporting that Josh Shapiro sent Special Agents to
their homes uses State Tax dollars.

9.    Please provide any/all criminal or civil investigative records,
      complaint forms online/digital, interoffice e-mails, or paper
      records with the complaint number(s) with the Pennsylvania
      Attorney General's office, agency as it pertains to any/all
      criminal investigations initiated in November 2020 regarding
      Leah Hoopes and Greg Stenstrom which is not privileged and is
      not confidential information, per the Duane Morris invoices that
      detailed communications are communications with the Attorney
      General's office and Duane Morris law firm.

10.   Please provide any/all sworn or non-sworn statements,
      complaints, or communications made about Leah Hoopes and
      Gregory Stenstrom. This should also include any human
      resources employed or not employed by Pennsylvania Attorney
      General's office as pertains to the Respondents complaints and
      sworn falsifications that they have made on and off public
      records and in litigation that involved agents have manufactured
      without facts in the form of court reports and Sworn Affidavit.

11.   Please provide the names of any/all investigator(s), assistants,
      special agents, involved parties, private law firms, county
      employees, private investigators that were assigned, tasked or
      participated in any/all investigations that that were discussed,
      initiated start and end dates of any and all investigations as it
      pertains to Leah Hoopes and Gregory Stenstrom who are
      Federally protected Witnesses and Whistleblowers as it pertains
      to the 2020 Presidential General Election Fraud. This should
      also include any/all employees and or agents that were involved
      in these matters must be identified, and their names released;
      (unless they are engaged in undercover work, and budgets
      cannot be classified.) (Names of the Persons that sued Leah and
      Greg or made statements to media or anything.)

12.   Please provide any/all communications, information, letters, e-
      mails, texts, US mail sent and  received, dates, timelines, phone
      calls made to or from Pennsylvania Attorney General's Josh
      Shapiro or his agents to the Federal Bureau of Investigation, US
      Attorney's Office, Delaware County District Attorney's,
      Delaware Board of Elections, Delaware County Council or any
      other county agent office by ways and or any/all means, and

Leah Hoopes                                                    February 1, 2024
Right to Know Request
Page 4

methods used by its employees, agents or hired, or pro bono, volunteer 3rd parties, contractors, or consultants.

13.    Please provide This should also include ALL electronic copies of ALL email records to and from the various email domains that include specific and detailed list of keywords the agencies could of or did use to conduct any investigation, search or filing complaints against the Requesters Leah Hoopes and Gregory Stenstrom.

14.    Please provide any/all agent reports, photographs, interviews or any other information that the agency have, maintained, e-mails, sent, received, deleted or destroyed as it pertains to Leah Hoopes and Gregory Stenstrom.

15.    Please provide any/all in person meeting dates, names, and title/capacity of any witnesses that were interviewed during the investigation and the (detailed time frames from when to when). We or the "Requesters" Leah Hoopes and Greg Strenstrom, (are not asking for personal information), just the name of sources, witnesses, or agents that do not enjoy any legal protections from withholding these public records, and where the "Respondents" have accused the "Requesters" to have acted, defamed, or slandered in a criminally malicious operation in attempt to stop, prevent, or cover up their own bad acts, material misstatements, acts of verifiable recorded fraud, because they are elected officials and they hold positions of public trust which is even more important why these records do not have legal privilege to withhold that negatively affect the public body they serve.

16.    Please provide any/all agendas, notes, statements, recordings, agency VoIP phone calls, agency cell phones, private cell phone communications conducting State business on personal devices that have been made on or off record by phone, text, e-mail, encrypted chat apps, mail, or private couriers or other means.

17.    Please provide all emails, meetings with adverse republican or independent parties involved political parties to Pennsylvania Attorney General, Governor Wolf's office, and any local politicians as it pertains to election fraud uncovered in Delaware County.

18.    Please provide all communications provided by Mike Verb, Katie Muth to the Attorney General, or Governor, or Media

000032

Leah Hoopes                                                                        February 1, 2024
Right to Know Request
Page 5

outlets or any other party before and after these time frames
regarding any and all things in this right to know request.

19.     Please provide any/all communications the Pennsylvania
        Attorney General Josh Shapiro, his agents, employees, or 3rd
        parties communicated information to Media outlets, Political
        Action Committees, or independent 3rd parties such as
        Factcheck.org, NAACP, The Annenberg Foundation Trust or
        any other domestic or foreign agency in any shape or form this
        is to include public statements made to the Media by Josh
        Shapiro, made about President Donald Trump and all things
        related to the Election Fraud in Delaware County or anywhere
        else in or outside the Commonwealth of Pennsylvania that
        influenced, swayed, or interfered, or postured investigations to
        control outcomes of public opinions, trust, and votes.

20.     Please provide any/all communications, information, letters, e-
        mails, texts, US mail sent and  received, dates, timelines, phone
        calls made to or from United States Attorney General's William
        Barr or his agents to the Pennsylvania Attorney General's office,
        also included Federal Bureau of Investigation, US Attorney's
        Office, Delaware County District Attorney's, Delaware County
        Board of Elections, Delaware County Council or any other
        county agent office by ways and or any/all means, and methods
        used by its employees, agents or hired, or pro bono, volunteer
        3rd parties, contractors, or consultants.

21.     Please provide any geofencing and metadata of any tracking in
        human, or electronic, or AI form of Leah Hoopes and Gregory
        Stenstrom's phone or online footprint, for all communications
        including emails, phone records etc. even if it included unlawful
        tracking of social media or cellular digital locations of Leah
        Hoopes and Gregory Stenstrom's cell phones, or unauthorized
        illegal wire taps.

22.     Please provide all information and communications sent or
        received from Factcheck.org relative to any/all of the request to
        know and please provide.

        A full and complete search pursuant to the requirements of the RTKL has been conducted.
It has been determined that your request is respectfully denied in part and cannot be granted in
part, as some records have not been found within this agency[1].

---

[1]  Your request appears to be seeking records related to an OAG investigation against you and/or Gregory
Stenstrom.  Please note, there is no investigation against Leah Hoopes or Gregory Stenstrom.  As a result, many of
the records you are seeking do not exist as records of the OAG as further explained below.

000033

Leah Hoopes                                                  February 1, 2024
Right to Know Request
Page 6

**REQUEST PARTS #4, #5, #6, #7, #8, #9, #11, #13, #15, #18, #19, #21, #22-NOT GRANTED**

### No Records Found

A full and complete search pursuant to the requirements of the RTKL has been conducted, based upon the parameters of your request as set forth above, and it has been determined that the requested information for Parts #4, #5, #6, #7, #8, #9, #11, #13, #15, #18, #19, #21, #22, as specified above, does not exist as a record of this agency and we are not required to create a record that does not exist. 65 P.S. § 67.705.  *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010).  It should be noted that it is not a denial of access when an agency does not have possession, custody or control of a record and there is no legal obligation to obtain such record.  65 P.S. § 67.506(d)(1).  However, if you choose to interpret this letter as a denial, you may file an appeal as indicated below.

### REQUEST PARTS #12, #16, #17, #20 - DENIED

### Insufficiently Specific

Your request is insufficiently specific pursuant to the provisions of section 703 of the RTKL. 65 P.S. § 67.703. In determining whether a particular request under the RTKL is insufficiently specific, there is a three-part balancing test established by the Commonwealth Court. *See Pa. Dep't of Educ. v. Pittsburgh Post-Gazette*, 119 A.3d 1121 (Pa. Cmwlth. 2015), and *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 372 (Pa. Cmwlth. 2013).  This test requires analysis of three factors:  "(1) the subject matter of the request; (2) the scope of documents sought; and (3) the timeframe for which records are sought."  *Pa. Dep't of Educ.* 119 A.3d at 1124.  "The subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." *Pa. Dep't of Educ.* 119 A.3d at 1125.  The scope of the request must identify "a discrete group of documents, either by type ... or by recipient." *Carey,* 61 A.3d at 372.  And finally, the timeframe of the request should identify a finite period of time. *Pa. Dep't of Educ.* 119 A.3d at 1126.  *See Carey,* 61 A.3d at 372.

### Subject Matter and Scope of Documents You Requested

Your request is not specific as to what you are trying to find.  You seek:

12. "any/all communications, information, letters, e-mails, texts, US mail sent and  received, dates, timelines, phone calls made to or from Pennsylvania Attorney General's Josh Shapiro or his agents to the Federal Bureau of Investigation, US Attorney's Office, Delaware County District Attorney's, Delaware Board of Elections, Delaware County Council or any other county agent office by ways and or any/all means, and methods used by its employees, agents or hired, or pro bono, volunteer 3rd parties, contractors, or consultants." *and*

Leah Hoopes                                                      February 1, 2024
Right to Know Request
Page 7

16. "…any/all agendas, notes, statements, recordings, agency VoIP phone calls, agency cell phones, private cell phone communications conducting State business on personal devices that have been made on or off record by phone, text, e-mail, encrypted chat apps, mail, or private couriers or other means." *and*

17. "…all emails, meetings with adverse republican or independent parties involved political parties to Pennsylvania Attorney General, Governor Wolf's office, and any local politicians as it pertains to election fraud uncovered in Delaware County." *and*

20. "…any/all communications, information, letters, e-mails, texts, US mail sent and received, dates, timelines, phone calls made to or from United States Attorney General's William Barr or his agents to the Pennsylvania Attorney General's office, also included Federal Bureau of Investigation, US Attorney's Office, Delaware County District Attorney's, Delaware County Board of Elections, Delaware County Council or any other county agent office by ways and or any/all means, and methods used by its employees, agents or hired, or pro bono, volunteer 3rd parties, contractors, or consultants."

However, you do not provide sufficient specificity, such as a subject matter, name/number of an OAG investigation, specific key words, the names of individuals considered to be adverse, names of media outlets, or some other further defining context in order for the OAG to conduct a good faith search for records that may be responsive to your request. As a result of this lack of specificity, the scope of documents sought cannot be determined. Also, your request then shifts the burden to our office to determine what you mean by certain of the terms included in your request such as:

12. "*any/all communications*…sent and received…to or from Pennsylvania Attorney General's Josh Shapiro or his agents to *[various agencies] or any other county agent office* by ways and or any/all means, and methods used by its employees, agents or hired, or pro bono, volunteer 3rd parties, contractors, or consultants." *and*

16. "…*any/all* agendas, notes, statements, recordings, agency VoIP phone calls, agency cell phones, private cell phone communications conducting State business on personal devices *that have been made on or off record* by phone, text, e-mail, encrypted chat apps, mail, or private couriers or other means." *and*

17. *"…adverse republican* or independent parties involved political parties to Pennsylvania Attorney General, Governor Wolf's office." *and*

20. "…*any/all communications*…sent and received…to or from *United States Attorney General's William Barr or his agents to the Pennsylvania Attorney General's office, also included Federal Bureau of Investigation, US Attorney's Office, Delaware County District Attorney's, Delaware County Board of Elections, Delaware County Council or any other county agent office* by ways and or any/all means, and methods used by its employees, agents or hired, or pro bono, volunteer 3rd parties, contractors, or consultants."

000035

Leah Hoopes                                                    February 1, 2024
Right to Know Request
Page 8

When responding to requests made in accordance with the RTKL, an agency is only required to supply access to records that exist as public records of the agency that are sufficiently identified to allow the agency to determine what records are being sought. Rather than guessing everything a request might conceivably encompass, such as the request's intended investigatory nature or target, the purpose of the RTKL is for a requester to ask for a record that is clearly defined and easily identified, thereby allowing an agency to determine if the record sought is publicly available.  65 P.S. § 67.703; *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515 (Pa. Cmwlth. 2010).

<u>Timeframe</u>

The timeframe of a request should identify a finite period of time for which records are sought. *Pa. Dep't of Educ.*, 119 A.3d at 1126. The analysis of whether the timeframe of a request is sufficiently specific depends on the specificity and scope of the request. *Mollick*, 32 A.3d 859, 871. Although this request does provide a finite time period in which to search for potentially responsive records, without a subject matter to guide the potential record holders to a discrete group of documents, it is unreasonable to expect the OAG to search through more than three years of records; as a result, this request lacks specificity. *Pa. Dep't of Educ.*, 119 A.3d at 1126. Therefore, this request is insufficiently specific because it does not provide a subject matter or context by which the request can be narrowed even if it does provide a finite timeframe.

In the alternative, even if the OAG was able to determine with specificity the records you are seeking, they would all relate to a criminal investigation conducted by the OAG regarding complaints of potential voter fraud and would be denied for one or more of the reasons identified below.

## **REQUEST PART #1, #2, #3, #10, #14 - DENIED**

### **Covert Law Enforcement Agent**

Certain requests or parts of requests are for covert law enforcement agent names, and they are not disclosable under the RTKL.  65 P.S. § 67.708(b)(6)(iii).  Agent names are withheld from disclosure pursuant to section 708 of the RTKL, which precludes the release of the "name or other identifying information relating to an individual performing an undercover or covert law enforcement activity from a record."  65 P.S. § 67.708(b)(6)(iii).  *Pennsylvania State Police v. McGill*, 83 A.3d 476 (Pa. Cmwlth 2014); *Gordon Rago and York Daily Record v. Pennsylvania State Police,* OOR Dkt. AP 2017-045.  Here, you are requesting information regarding the names of OAG agents involved in a criminal investigation where the agents were investigating complaints of potential voter fraud.  As such, their names may not be disclosed under the RTKL and your request is denied.

### **Criminal Investigative Exemption**

The records you seek are records concerning a criminal investigation maintained by the OAG's Criminal Investigation Division and they are not subject to disclosure based upon the

Leah Hoopes                                                      February 1, 2024
Right to Know Request
Page 9

RTKL's criminal investigative exemption. Exempt from disclosure are records that constitute "a record of an agency relating to or resulting in a criminal investigation including…complaints of potential criminal conduct…investigative materials, notes, correspondence, videos and reports...[a] record that includes information made confidential by law or court order...[and] [a] record that, if disclosed, would...[r]eveal the institution, progress or result of a criminal investigation, except the filing of criminal charges." 65 P.S. §67.708(b)(16)(i), (ii), (iv) and (vi)(A). *Barros v. Martin*, 92 A.3d 1243 (Pa. Cmwlth. 2014); *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694 (Pa. Cmwlth. 2013). Here, there are records related to an investigation regarding complaints of potential voter fraud. The records include investigative reports, witness interviews, communications, and attorney memorandum. These records were received or created in furtherance of a criminal investigation by criminal agents and attorneys, none of which include publicly available records. Moreover, disclosing the records would reveal the institution, progress or result of the criminal investigation. Therefore, records relating to the underlying criminal investigation are exempt from disclosure pursuant to the criminal investigative exemption.

Additionally, under the RTKL, a "public record" is a record that is "not exempt from being disclosed under any other Federal or State law or regulation…" 65 P.S. § 67.102. Here, the records are also exempt under the Criminal History Record Information Act (CHRIA).

## CHRIA

Under CHRIA, "[i]nvestigative…[i]nformation shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties..." 18 Pa.C.S.A. § 9106(c)(4). "Investigative information" is defined by CHRIA as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa.C.S.A. § 9102. *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694 (Pa. Cmwlth. 2013); *Mitchell v. Office of Open Records*, 997 A.2d 1262 (Pa. Cmwlth. 2010). Here, the records you seek are related to a criminal investigation, as detailed above. They contain criminal investigatory information and are themselves investigatory in nature, all of which qualifies them for protection under CHRIA. As you, the requestor, are not a criminal justice agency, the OAG is without authority to release these records to you.

## Attorney-Work Product

Here, the attorney-work product doctrine also protects certain documents from release. Records prepared or created that contain mental impressions, conclusions, legal theories and results of research, created by an attorney in the course of his professional duties are protected from disclosure by the attorney-work product doctrine. See *Bagwell v. Pennsylvania Department of Education*, 103 A.3d 409, 415-416 (Pa. Cmwlth. 2014). The work-product doctrine offers broad protection to these mental impressions, opinions and conclusions, regardless of whether they were prepared in anticipation of litigation. *Bagwell* at 417. Here, there are memorandum created by the attorney overseeing the case which contain their mental impressions and legal theories of regarding

Leah Hoopes                                                                                    February 1, 2024
Right to Know Request
Page 10

the course of the voter fraud investigation and evaluation of the evidence related to the accusations of voter fraud.

### PREDECISIONAL DELIBERATIONS

Records utilized to make a decision, recommendation or to form an opinion on legal or policy matters are precluded from disclosure as "a record that reflects the internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations." 65 P.S. § 67.708(b)(10)(i)(A). *Kaplin v. Lower Merion Township*, 19 A.3d 1209 (Pa. Cmwlth. 2011), *petition for allowance of appeal denied*, 612 Pa. 693, 29 A.3d 798 (Pa. 2011). To prove this exception, the OAG is required to show that: "(1) the information is internal to the agency; (2) the information is deliberative in character; and (3) the information is prior to a related decision, and thus 'predecisional'." *Carey v. Department of Corrections*, 61 A.3d 367, 379 (Pa. Cmwlth 2013). In this case, there are communications and draft documents that reflect the internal, predecisional deliberations of employees of the OAG discussing particular legal theories and analysis regarding the OAG's investigation into complaints of potential voter fraud and in discussing a course of action related to previously filed RTK request #2023-225. Records concerning the OAG's investigation and/or RTKL deliberations into these matters contain predecisional deliberative materials. The records are withheld entirely under this exemption because: a) the communications were internal between OAG employees, b) the communications were made for the purpose of considering all available legal strategies and options regarding a proposed course of action, and c) the communications were predecisional, meaning they occurred before the OAG employees settled on a final course of action relative to the investigation of potential voter fraud and the Final Response to RTKL request #2023-225. A review of these records shows a clear progression of deliberation regarding the best course of action throughout the entire OAG's investigation and RTKL deliberations. As such, these records are exempt from disclosure under the RTKL in accordance with 65 P.S. § 67.708(b)(10)(i)(A)

### CONCLUSION

For the above reasons, your request has been respectfully denied in part and could not be granted in part. We trust that this response addresses the intent of your request.

### RIGHT TO APPEAL

BY PROVIDING THIS RESPONSE, THE OFFICE OF ATTORNEY GENERAL HAS SATISFIED ITS OBLIGATION TO RESPOND TO YOUR REQUEST. SHOULD YOU WISH TO CHALLENGE THIS RESPONSE UNDER THE RTKL, YOU MUST FILE AN APPEAL WITH THE RIGHT TO KNOW APPEALS OFFICER OF THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL, WITHIN FIFTEEN (15) BUSINESS DAYS OF THE MAILING DATE OF THIS LETTER. YOUR APPEAL MUST INCLUDE A COPY OF YOUR ORIGINAL

Leah Hoopes                                                    February 1, 2024
Right to Know Request
Page 11

REQUEST AND THIS AGENCY'S RESPONSE, STATE THE GROUNDS UPON WHICH
YOU CLAIM YOUR REQUEST SHOULD NOT HAVE BEEN DENIED AND ADDRESS ALL
REASONS STATED BY THIS AGENCY FOR ITS DENIAL OF YOUR REQUEST.  FAILURE
TO FOLLOW THESE INSTRUCTIONS MAY RESULT IN DISMISSAL OF YOUR APPEAL.
YOUR APPEAL MUST BE SENT TO THE FOLLOWING:

> RIGHT TO KNOW APPEALS OFFICER
> OFFICE OF ATTORNEY GENERAL
> CIVIL LITIGATION SECTION
> 15TH FLOOR STRAWBERRY SQUARE
> HARRISBURG, PA  17120

     Please note that this response is being sent from an unmonitored e-mail address.  Do not
reply to this e-mail.

                         Sincerely,

                         *Sharon K. Maitland*

                         Sharon K. Maitland
                         Senior Deputy Attorney General
                         Right to Know Officer

SKM:mae
2023-299

000039

EXHIBIT D

000040

 Gmail

Gregory Stenstrom <gregorystenstrom@gmail.com>

## 2:24-cv-02425 Conference
2 messages

---

**Gregory Stenstrom** <gregorystenstrom@gmail.com>                    Fri, Jul 12, 2024 at 2:22 PM
To: BKennedy@duanemorris.com, jmparks <jmparks@duanemorris.com>, Nick Centrella <NMCentrella@duanemorris.com>
Cc: Joy Schwartz <jschwartzpro@gmail.com>, Robert Mancini <delcocyber@gmail.com>, leahfreedelcopa <leahfreedelcopa@protonmail.com>
Bcc: Paul Rumley <prumley@rumleyrealty.com>, Renee Mazer <reneemazer@gmail.com>, "Tammy Lex (TLLEX1@Verizon.net)" <TLLEX1@verizon.net>

Dear Attorneys Kennedy, Parks, and Centrella,

Notwithstanding your Motion to Dismiss, which we will respond to within the 14 day window, the local rules for EDC, and Judge Scott, require a conference between parties and a meaningful attempt to settle. Given our mutual past history, interactions, and your MTD, we expect that the outcome of the conference will be perfunctory and likely just be the questions put forward to Judge Scott for consideration.

We can meet as soon as Monday, July 15th, 2024, and next week. I suggest the Delco Government Center, but we also have a large office conference room available on Providence Road (Route 252 & Route 1).

R,
Gregory Stenstrom, Pro Se
856-264-5495

---

**Parks, J. Manly** <JMParks@duanemorris.com>                    Fri, Jul 12, 2024 at 3:46 PM
To: Gregory Stenstrom <gregorystenstrom@gmail.com>, Joy Schwartz <jschwartzpro@gmail.com>, Robert Mancini <delcocyber@gmail.com>, leahfreedelcopa <leahfreedelcopa@protonmail.com>
Cc: "Kennedy, Brian Adam" <BKennedy@duanemorris.com>, "Centrella, Nick" <NMCentrella@duanemorris.com>

Mr. Stenstrom, Ms. Schwartz, Mr. Mancini, and Ms. Hoopes,

We believe such a meeting would be premature at this time. Judge Scott's policies require that we discuss the case, pursuant to Federal Rule of Civil Procedure 26(f), at least 14 days before a Rule 16 conference scheduled by the Judge. *See* Judge Scott Policies and Procedures III(A)-(B). Per her policies, Judge Scott generally schedules a Rule 16 conference after the defendant has filed an answer to the complaint. *See id.*, III(B). We have not yet filed an answer to your complaint, so no meeting is required unless we hear from the Judge that she will be scheduling an early Rule 16 conference.

Sincerely,

Manly Parks


On Jul 12, 2024, at 2:22 PM, Gregory Stenstrom <gregorystenstrom@gmail.com> wrote:


[Quoted text hidden]


For more information about Duane Morris, please visit http://www.DuaneMorris.com

000041

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.