**IN THE**

# United States District Court
# Eastern District of Pennsylvania
### CIVIL ACTION - ELECTION LAW

**ROBERT MANCINI, PRO SE,**
Authorized Representative
and
**JOY SCHWARTZ, PRO SE**
Candidate for Delaware County Council
and
**GREGORY STENSTROM, PRO SE**
Authorized Representative
and
**LEAH HOOPES, PRO SE**
Authorized Representative
**Plaintiffs,**

v.

**DELAWARE COUNTY, PA,**
and
**DELAWARE COUNTY BOARD OF ELECTIONS**
**Defendants.**

Case No. **2:24-cv-02425-KNS**

CIVIL ACTION: VIOLATION OF
FEDERAL ELECTION LAW

**PLAINTIFF RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

INJUNCTION REQUESTED
DISCOVERY REQUESTED
ORAL ARGUMENTS REQUESTED
JURY TRIAL REQUESTED

## PLAINTIFF RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

1. A motion for judgment on the pleadings is filed "after the pleadings have closed, but early enough not to delay trial," in accordance with FRCP 12(c), which Plaintiffs have timely filed.

2. Pleadings are "closed" once a complaint and answers by all defendants have been filed, for which Defendants had 20-days to initially respond, and 69-days since serving the complaint,

but have refused to do so.

3. The proper response by Defendants could include responsive pleadings in the form of Preliminary Objections, Affirmative Defenses, New Matter(s), AND a Motion to Dismiss, but it is not a binary option, and litigants have proceeded at their own jeopardy by not doing so.

4. The question of federal law before the Honorable Court, and clearly and plainly described in Plaintiffs complaint is whether Defendants complied with certification, validation, and testing of election machines in accordance with federal and state laws.

5. Plaintiffs provided clear and concise evidence in their complaint that the Defendants have not complied with federal and state laws, and a remedy that has served our nation well for over 200-years to hand count ballots at the precinct level by over 2,140 duly sworn, paid, precinct workers, and over 876 bipartisan, "certified poll watchers," "authorized representatives" and named attorneys (Governor Younkin)

6. Defendants did not respond with any denial of Plaintiffs complaints that they are not in compliance with election law, or any affirmation that Defendants are (were) compliant, in their pleadings to date.

7. Instead, Defendants argue that by submitting their Motion to Dismiss based on procedural objections, which gives them another bite at the apple to make later responsive pleadings in the event their Motion to Dismiss fails.

8. While this may be clever "lawyering" to delay conference, hearings, and trial per FRCP, to strategically moot Plaintiffs complaint and timely adjudication by the Honorable Court prior to the national election 85-days from now, and only 24-days before Logic and Accuracy ("L&A") machine testing must be completed by Defendants BEFORE sending out Mail in Ballots, it does not meet the requirements of the law to make timely pleadings.

9. Of the "20 cases" cited by Defendants, fourteen (14) were timely petitions for recounts, which were denied by Defendants who stated that the centralized counting center was NOT a "precinct" and required Plaintiffs to perfect 428 separate complaints for each of Delaware

County's precincts and pay $324,000 before they would permit a recount of ANY Mail in Ballots. These cases are before the appellate courts.

10. One of the twenty named cases has been thwarted by Defendants refusing to hear the case at all (filed over six hundred (600) days ago) to test election machines in the centralized counting center because it IS (WAS) a "precinct."

11. One of the twenty (20) named cases is Stenstrom and Hoopes v Secretary of the Commonwealth Boockvar et al (876 CD 2022) that has been thwarted for over 1,100-days and is scheduled for oral arguments before the Commonwealth Court of Pennsylvania at an indeterminate time in the winter of 2024 /2025 to resolve allegations of massive election fraud perpetrated by Defendants and its agents for which Plaintiffs submitted whistleblower video, photographs, audio, emails, and correspondence of Defendants destroying public election records, admitting they fabricated the entire election, and conspiring to cover up their criminal fraud.

12. The remaining cases involve Defendants repeated refusals to disgorge public election records despite orders from the Pennsylvania Office of Open Records rulings by their general counsel.

13. Defendants, its agents, and their same attorneys here, have sued Plaintiffs Stenstrom and Hoopes multiple times for "malicious prosecution" and "defamation" as well as initiated administrative reprisals against Plaintiffs, and attempted (unsuccessfully) to sanction them seven (7) times.

14. Note that all cases were filed timely by Plaintiffs in good faith in their statutory roles as candidates, "authorized representatives" and "Certified poll watchers" under 25 P.S. Election Code.

15. Plaintiffs have exhausted all administrative remedies and planted litigative stakes in the ground clearly demonstrating Defendants continued violations of election and criminal law.

16. In fact, Plaintiffs Stenstrom and Hoopes prevailed as codefendants with President Trump using a "truth is a complete defense" against a defamation case in Philadelphia fomented by

Defendants agents and attorneys to silence them, and they discontinued the case when faced with the very same videos, photos, audios, emails, and documents as admitted evidence in discovery that plainly showed Defendants (here) were guilty of violations of election, civil, and criminal law.

17. Defendant's attorneys Motion to Dismiss and response to Plaintiffs' Motion for Judgement on the Pleadings in favor of Plaintiffs are "noise" and "clamor" to obfuscate the facts that they have not certified, validated, and tested election machine in accordance with law since November 2020. Whether this is (was) through administrative incompetence, negligence, or overt nefarious intention to subvert elections is irrelevant to the case at hand.

18. The Honorable Court is bound to rule on the Motion for Judgement on the Pleadings based only on the FACTS of the case presented in the pleadings which are that the election machines cannot be used in a national election without complying with federal and state certification, validation, and testing - which Defendants have refused to respond to in timely pleadings in this case to date.

19. While Defendants Motion to Dismiss based on procedural objections might technically be a "response," Defendants have refused to plead that they have, in fact, complied with federal and state for lawful certification, validation, and testing of election machines.

20. The controversy before the Honorable Court remains that without timely intervention, election machines will be used unlawfully in the upcoming November 2024 election, which introduces grave vectors for massive election fraud that will affect legitimate election outcomes.

21. The requested remedy by Plaintiffs is reasonable, feasible, and could be easily implemented, and is the same process that would be used in an Emergency Ballot Procedures and was previously used for over a century.

Respectfully submitted,

/S/ Rober Mancini, Joy Schwartz, Gregory Stenstrom, Leah Hoopes /S/

August 23rd, 2024

## VERIFICATION

We, the Plaintiffs herein and listed below, state that we are PRO SE PLAINTIFFS in this matter and are authorized to make this Verification on its behalf. We hereby verify that the statements made in the foregoing PLAINTIFF RESPONSE TO DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS are true and correct to the best of our knowledge, information, and belief. This verification is made subject to the penalties of 19 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


/S/ Robert Mancini, Joy Schwartz, Gregory Stenstrom, /S/


August 23rd, 2024

SELF REPRESENTATION (PRO SE)

_____

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CASE No. 2:24-CV-02425-KNS

**MOTION FOR JUDGEMENT ON PLEADINGS
IN FAVOR OF PLAINTIFFS**

MANCINI, et al.
Plaintiffs,
v.
DELAWARE COUNTY BOARD OF ELECTIONS,
PA, et. al,
Defendants

_____

## CERTIFICATE (PROOF) OF SERVICE

Plaintiffs certify that they caused the subject **PLAINTIFF RESPONSE TO DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** to be properly served on the following:

Defendants Delaware County and Delaware County Board of Elections
Solicitor for Defendants J. Manly Parks, Nick Centrella
Delaware County Government Center
201 West Front Street, Media, PA 19106

/S/ Robert Mancini, Joy Schwartz, Gregory Stenstrom, Leah Hoopes /S/

August 23rd, 2024