IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MANCINI, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL NO. 24-2425 |
| | : | |
| DELAWARE COUNTY, PA, *et al.*, | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM

**Scott, J.**                                                                                       September 9, 2024

*Pro se* Plaintiffs Robert Mancini, Joy Schwartz, Gregory Stenstrom, and Leah Hoopes (collectively, "Plaintiffs") bring this case against Defendants Delaware County, PA and Delaware County Board of Elections (collectively, "Defendants") challenging Defendants' testing, operating and certification of voting machines. Presently before the Court is Defendants' Motion to Dismiss (ECF No. 9). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 9) will be granted. An appropriate Order will follow.

**I.     BACKGROUND & PROCEDURAL HISTORY**

Despite the Complaint's length and its lack of clearly delineated causes of action, from this Court's perspective, the thrust of the Complaint is simply that Defendants' election "machines used to process and tabulate votes in Delaware County, Pennsylvania are not tested, certified, or operated in compliance with federal law," including 52 U.S.C. § 21081(a)(5)—the Error Rates provision of the Help America Vote Act ("HAVA"). ECF No. 1, Compl. at 1. Because of this, Plaintiffs allege "there is no way to prevent or know if anyone has tampered with the system, and / or modified election results." Compl. ¶¶ 31–32; *see also id.* ¶ 48 ("Without secure-build validation/hash testing and post canvas activities, voting machine systems *can* be tampered with."

1

(emphasis added)). Plaintiffs indicate that they have filed numerous lawsuits in the Delaware County Court of Common Pleas concerning Defendants' failure to certify and test their election machines with no success. *Id.* ¶¶ 10–11. Plaintiffs assert that by using non-HAVA compliant machines, Defendants have deprived Plaintiffs of their "right to vote in violation of" 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution. *See id.* at 1, ¶¶ 7, 27–48, 74. Plaintiffs ask this Court order Defendants to "Cease and Desist from using electronic voting systems in Delaware County, Pennsylvania and return to hand counted votes in county precincts under bi-partisan observation."[1] Compl. ¶ 97.

On July 1, 2024, Defendants filed the present Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that Plaintiffs have failed to plead a claim, that they have failed to plead a basis for subject matter jurisdiction, that they lack standing, and that they impermissibly ask this Court to sit as a de facto appellate court for state court rulings in the County Defendants' favor. ECF No. 9. Plaintiffs filed a Response in Opposition on July 15, 2024.[2] Accordingly, the Motion is ripe for resolution.

---

[1] Plaintiffs also ask for: (a) "Federal intervention, review, and oversight, of precipitative cases named herein, that have been delayed, quashed and strategically mooted"; (b) "Reversal of orders unlawfully denying Plaintiffs' access to public election records, and clear definition of the manner in which they will be provided"; (c) "Criminal referrals to appropriate federal and state justice and law enforcement agencies"; and (d) "Monetary Damages and other relief and compensation as may be appropriate." Compl. ¶¶ 98–101. However, in responding to Defendants' Motion to Dismiss, Plaintiffs assert that they "are not requesting review of previous state court decisions, but rather petitioning the Honorable Court to **enforce** federal and state laws, and remedy Constitutional and (federal) Civil Rights violations." ECF No. 12 at 5. Given this clarification by Plaintiffs, the Court need not consider any *Rooker-Feldman* arguments.

[2] For the sake of completeness, the Court notes the subsequent case history. In Response to Defendants' Motion to Dismiss, Plaintiffs also filed a Motion for Judgment on the Pleadings on July 30, 2024. ECF No. 14. Defendants filed a Response in Opposition to Plaintiffs' Motion for Judgment on the Pleadings on August 12, 2024 (ECF No. 17), and Plaintiffs filed a Reply in Support of their Motion on August 23, 2024. ECF No. 18. On August 28, 2024, the Court denied Plaintiffs' Motion for Judgment on the Pleadings as premature because the pleadings are not yet closed. ECF No. 19. Two days later, Plaintiffs filed an Emergency Petition for a Writ of Mandamus to the Third Circuit "to order the trial court . . . to immediately rule on Defendants['] Motion to Dismiss, and expedite trial, as an urgent matter of due process

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). A Rule 12(b)(1) challenge to jurisdiction may be either facial or factual. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). "A facial attack on subject matter jurisdiction asserts that a claim 'is insufficient to invoke the subject matter jurisdiction of the court,' and a factual attack argues that 'the facts of the case . . . do not support the asserted jurisdiction.'" *Saavedra Estrada v. Mayorkas*, 703 F. Supp. 3d 560, 565 (E.D. Pa. 2023) (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (explaining that "a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites" (citations omitted))). When presented with a Rule 12(b)(1) motion, the plaintiffs "will have the burden of proof that jurisdiction does in fact exist." *Petruska*, 462 F.3d at 302 n.3.

### B.    Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

to ensure integrity of the upcoming 2024 presidential election only 70-days from today." ECF No. 20. Upon the issuance of this Memorandum, this Petition (ECF No. 20) is moot.

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences are drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). As Plaintiffs are proceeding *pro se*, the Court must construe the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.    DISCUSSION

The doctrine of standing arises from Article III of the Constitution, which gives federal courts jurisdiction over cases and controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). "To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) (internal quotations and citation omitted). When standing is challenged at the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted).

To establish the first element, an injury in fact, a plaintiff must show the following: (1) that he or she suffered "an invasion of a legally protected interest"; (2) that the injury is both "concrete

4

and particularized"; and (3) that his or her injury is "actual or imminent, not conjectural or hypothetical." *Mielo*, 897 F.3d at 478 (quoting *Spokeo*, 578 U.S. at 339). A particularized injury must "affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Further, any threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). It is not enough for a plaintiff to raise "only a generally available grievance about Government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citations omitted).

Here, Plaintiffs assert they have standing to challenge Defendants' use of election machines that they have alleged are not tested, certified, or operated in compliance with federal law: (1) as voters, (2) because they have each previously been and currently are "certified poll watcher[s]" and "authorized representative[s]" for candidates in subject elections, and (3) because Plaintiff Joy Schwartz was a Republican candidate for Delaware County Council in May and November 2023. ECF No. 12 at 6–7. For the reasons that follow, such allegations are not sufficient to establish standing.

First, Plaintiffs have not alleged that they were prevented from voting or that their votes were not counted. Instead, they allege that because the election machines were not properly tested and could be tampered with, there is "no guarantee their vote was counted accurately, or even counted at all" and "no guarantee that their vote was counted equally with other citizens." Compl. ¶¶ 74–75. Plaintiffs' reliance on the term "no guarantee" to couch their harm is a clear indication that the harm they allege is merely speculative. *See Landes v. Tartaglione*, No. 04-cv-3163, 2004 WL 2415074, at *3 (E.D. Pa. Oct. 28, 2004) (noting plaintiff's use of the terms "if" and "may" indicates her harm is merely speculative), *aff'd*, 153 F. App'x 131 (3d Cir. 2005). Moreover, to the

extent Plaintiffs claim Defendants' use of uncertified and untested election machines *could* deprive them of their votes in the future, the Complaint's allegations are too speculative and conjectural to support Article III standing. *See id.* (finding plaintiff had not established standing to challenge voting machines); *see also Lake v. Fontes*, 83 F.4th 1199, 1204 (9th Cir. 2023) (affirming district court's dismissal for lack of Article III standing, finding "none of [p]laintiffs' allegations supports a plausible inference that their individual votes in future elections will be adversely affected by the use of electronic tabulation"), *cert. denied*, 144 S. Ct. 1395 (2024); *Gunter v. Myers*, No. 23-35124, 2024 WL 1405387, at *1 (9th Cir. Apr. 2, 2024) (affirming dismissal for lack of standing, finding plaintiffs' claim that a hacker could deprive them of their votes in the future too speculative and conjectural); *Zigmantanis v. Hemphill*, No. 22-cv-2872, 2023 WL 9521867, at *4 (D.S.C. Aug. 17, 2023) (finding plaintiffs' allegations that South Carolina's voting system is susceptible to hacking and foreign interference fail to demonstrate that they suffered an injury in fact because their alleged injuries are speculative), *report and recommendation adopted*, 2024 WL 63664 (D.S.C. Jan. 5, 2024).

Similarly, Plaintiffs' reliance on Plaintiff Schwartz being a candidate for Delaware County Council in May and November 2023 does not confer standing. There are no allegations that Plaintiff Schwartz's election count was inaccurate or manipulated. Rather, the allegation is that Plaintiff Schwartz was deprived of knowing the true voter count in her election and "*may* have been deprived of that position." Compl. ¶ 92 (emphasis added). Once again, the term "may" clearly indicates the speculative nature of Plaintiffs' claim. *Cf Lujan*, 504 U.S. at 564 (holding that plaintiffs' "'some day' intentions" to return to locations where they might be deprived of the opportunity to observe endangered animals did "not support a finding of the 'actual or imminent' injury that our cases require").

Furthermore, Plaintiffs have not shown any injury that is particularized. Rather, Plaintiffs are asserting a "generalized grievance" belonging to all voters. *Bognet v. Sec'y Commonwealth of Pennsylvania*, 980 F.3d 336, 356 (3d Cir. 2020), *cert. granted, judgment vacated as moot sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021); *see also, e.g., Gunter*, 2024 WL 1405387, at *1 (holding plaintiffs' "concern that the voting machines are not properly accredited is the kind of 'generalized interest in seeing that the law is obeyed' that is insufficient to establish Article III standing"). The Plaintiffs' generalized grievances about Defendants failing to follow federal and state law in the way it conducts its elections fails to plausibly demonstrate any particularized injury to the Plaintiffs themselves. *See Lance*, 549 U.S. at 439.

Accordingly, Plaintiffs lack standing and the Court must dismiss their Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 9) will be granted and Plaintiffs' Complaint will be dismissed without prejudice. *See Cottrell v. Alcon Labs.*, 874 F.3d 154, 164 n.7 (3d Cir. 2017) (stating that "[b]ecause the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper"). An appropriate Order will follow.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**