IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT MANCINI,** *et al.*,<br>         *Plaintiffs,* | :<br>:<br>: |
| v. | :    **CIVIL NO. 24-2425** |
| **DELAWARE COUNTY, PA,** *et al.*,<br>         *Defendants.* | :<br>:<br>:<br>: |

### MEMORANDUM

**Scott, J.**                                                                                                                              **November 5, 2024**

In a prior Memorandum, this Court dismissed without prejudice pro se Plaintiffs' Complaint which challenged the Delaware County election process finding that Plaintiffs lacked standing. ECF No. 21. Plaintiffs then filed an Amended Complaint (ECF No. 23), which Defendants argue must also be dismissed (ECF No. 26). For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 26). An appropriate Order will follow.

**I.    BACKGROUND & PROCEDURAL HISTORY**

On June 5, 2024, pro se Plaintiffs Robert Mancini, Joy Schwartz, Gregory Stenstrom, and Leah Hoopes (collectively, Plaintiffs) filed their original Complaint against Defendants Delaware County, PA and Delaware County Board of Elections alleging that Delaware County's election "machines used to process and tabulate votes . . . are not tested, certified, or operated in compliance with federal law." ECF No. 1, Compl. at 1. On July 1, 2024, Defendants Delaware County and Delaware County Board of Elections filed a Motion to Dismiss Plaintiffs' Complaint, which following briefing, this Court granted on September 9, 2024, holding that Plaintiffs lacked standing. ECF No. 22.

On October 3, 2024, Plaintiffs filed an Amended Complaint, which added Delaware County's Director of Elections, James Allen as a Defendant, and alleges the following three Counts. ECF No. 23. In Count I, Plaintiffs allege that Defendants violated 52 USC § 21081(a)(5) by failing to "conduct certification, validation, and L&A [Logic and Accuracy Testing] testing," which compromises election reliability. *Id.* at 3. In Count II, Plaintiffs allege a violation of Due Process and Equal Protection asserting that "Defendants' non-compliance deprives Plaintiffs of constitutional rights by obstructing lawful election oversight and barring access to fair processes." *Id.* Lastly, in Count III, Plaintiffs request Declaratory Judgment and Injunctive Relief seeking this Court confirm statutory violations and require immediate compliance. *Id.* at 3–4. Plaintiffs' Amended Complaint contains *very* few facts. Instead, Plaintiffs merely allege that "Delaware County's consistent refusal to perform secure-build validation and L&A" violates election laws and that "[i]n sworn statements, Director of Elections James Allen claimed that hash testing was 'not required.'" *Id.* at 2–3.

On October 18, 2024, Defendants Delaware County, Delaware County Board of Elections, and James Allen (collectively, Defendants) filed the present Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 26. Plaintiffs did not file a timely response. *See* E.D. Pa. Loc. R. Civ. P. 7.1(c) ("[A]ny party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."). The Court, thus, considers Defendants' Motion to Dismiss ripe for resolution.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan*,

549 F.2d 884, 891 (3d Cir. 1977)). A Rule 12(b)(1) challenge to jurisdiction may be either facial or factual. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). "A facial attack on subject matter jurisdiction asserts that a claim 'is insufficient to invoke the subject matter jurisdiction of the court,' and a factual attack argues that 'the facts of the case . . . do not support the asserted jurisdiction.'" *Saavedra Estrada v. Mayorkas*, 703 F. Supp. 3d 560, 565 (E.D. Pa. 2023) (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (explaining that "a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites" (citations omitted))). When presented with a Rule 12(b)(1) motion, the plaintiffs "will have the burden of proof that jurisdiction does in fact exist." *Petruska*, 462 F.3d at 302 n.3.

### B.     Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these

documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences are drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). As Plaintiffs are proceeding *pro se*, the Court must construe the allegations in the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.   DISCUSSION

Like Plaintiffs' original Complaint, their Amended Complaint fails to establish standing and, accordingly, it must be dismissed.

The doctrine of standing arises from Article III of the Constitution, which limits federal courts jurisdiction to "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). "To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) (internal quotations and citation omitted). When standing is challenged at the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). Here, Plaintiffs have failed to allege facts demonstrating the first element—that they suffered an injury in fact—and thus, this Court need not analyze the additional elements.

To establish the first element, an injury in fact, a plaintiff must show the following: (1) that he or she suffered "an invasion of a legally protected interest"; (2) that the injury is both "concrete

and particularized"; and (3) that his or her injury is "actual or imminent, not conjectural or hypothetical." *Mielo*, 897 F.3d at 478 (quoting *Spokeo*, 578 U.S. at 339). A particularized injury must "affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Further, any threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). It is not enough for a plaintiff to raise "only a generally available grievance about Government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citations omitted).

Here, Plaintiffs assert that their roles, "as poll watchers, canvassers, authorized representatives, and candidates," provide them with standing to ensure adherence to federal and state election mandates. ECF No. 23 at 2–3. Plaintiffs are incorrect. Rather, like their initial Complaint, Plaintiffs' Amended Complaint asserts injury that is impermissibly generalized and too speculative.

First, Plaintiffs' alleged injury—facing obstructions to election oversight, facing obstruction to work in election transparency, and a lack of trust in the election process—is not particularized. ECF No. 23 at 3; *see also id.* ("Defendants' persistent non-compliance" with election standards "create[es] barriers to lawful oversight and pos[es] imminent risks to election transparency and fairness"). Rather, their "injury" is one that is "undifferentiated and common to all members of the public" that the government be administrated according to the law. *Lujan*, 504 U.S. at 575 (internal quotations and citations omitted); *see also Gunter v. Myers*, No. 23-35124, 2024 WL 1405387, at *1 (9th Cir. Apr. 2, 2024) (finding "'generalized interest in seeing that the law is obeyed' . . . is insufficient to establish Article III standing"). "And the Supreme Court has made clear that a generalized grievance, 'no matter how sincere,' cannot support standing." *Wood*

*v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 706, (2013)).

Plaintiffs' positions as poll watchers, canvassers, authorized representatives, and candidates does not make their interest in Defendants' compliance with election laws different than any other voter. *See, e.g.*, *Maly v. Pritzker*, No. 22-CV-04778, 2024 WL 4347110, at *2 (N.D. Ill. Sept. 30, 2024) (finding plaintiffs did not allege that possible election inference is more likely to affect their votes than the votes of others despite plaintiffs' "attempt to differentiate themselves by highlighting the degree of their involvement in the electoral process"); *Stein v. Cortés*, 223 F. Supp. 3d 423, 432–33 (E.D. Pa. 2016) (finding no standing where the plaintiff, an unsuccessful candidate, alleged that Pennsylvania's electronic voting machines may be susceptible to hacking). Thus, as this Court previously found in this case, and as courts across the country have consistently found, such generalized grievances are insufficient to support Article III standing. *See* ECF No. 21; *see also Graeff v. United States Election Assistance Comm'n*, No. 22-CV-682, 2023 WL 2424267, at *5 (E.D. Mo. Mar. 9, 2023) (collecting cases).

Second, Plaintiffs' alleged harm—"barriers to lawful oversight" and risks "to election transparency and fairness"—reflects merely a lack of confidence in the integrity of Delaware County's elections, which is far too speculative to support Article III standing. In fact, "[c]ourts have widely concluded that an alleged injury related to a lack of confidence in a voting system is 'too speculative to establish an injury in fact, and therefore standing.'" *Republican Nat'l Comm. v. Francisco Aguilar*, No. 2:24-CV-00518, 2024 WL 4529358, at *6 (D. Nev. Oct. 18, 2024) (collecting cases). Thus, even if the allegations in Plaintiffs' Amended Complaint were true, Plaintiffs' alleged injury is not "certainly impending" as required. *Clapper*, 568 U.S. at 409.

Accordingly, Plaintiffs lack standing and their Amended Complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs lack standing. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 26) will be granted, and this case will be dismissed. Although the dismissal for lack of standing is without prejudice, Plaintiffs have already had two chances to plead standing, and accordingly, the Court finds that further amendment to the complaint in an attempt to allege standing would be futile. Thus, a final appealable Order will follow.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge