UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONCISE STATEMENT OF ERRORS COMPLAINED OF ON APPEAL (PA RULE 1925(b))

**Case Number**: 2:24-cv-02425-KNS

**Lead Petitioner-Appellant**: Robert Mancini
**Co-Petitioner-Appellant**: Gregory Stenstrom, filing on behalf of all Petitioners
**Defendants-Appellees**: Delaware County Board of Elections, et al.

**Date**: November 11, 2024

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Co-Petitioner-Appellant Gregory Stenstrom, filing on behalf of all Petitioners including Lead Petitioner-Appellant Robert Mancini, submits this comprehensive Concise Statement of Errors Complained of on Appeal. This document outlines all critical legal and procedural errors in the District Court's November 5, 2024 dismissal of the case, addressing standing, statutory jurisdiction, constitutional rights, procedural fairness, and unaddressed violations of federal election law.

**1. Error in Determining Standing Based on Statutory and Constitutional Grounds**

1.1. **Statutory Standing under Pennsylvania Election Law**: The District Court erred in dismissing the case based on lack of standing, disregarding the enforceable rights provided to Petitioners under the **Pennsylvania Election Code (25 P.S.)**. Specifically, **25 P.S. § 2650** and **25 P.S. § 2687** explicitly establish actionable rights and obligations for poll watchers and election monitors, empowering Petitioners to observe and enforce lawful election practices. This statutory foundation creates a concrete, particularized injury when rights are obstructed, contrary to the District Court's characterization of "generalized grievances."

1.2. **Alignment with Standing Doctrine under Federal Law**: Petitioners' statutory standing under Pennsylvania law aligns with federal standing doctrine as established in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), which requires a particularized injury traceable to defendants' conduct. The dismissal overlooks this alignment, thus misinterpreting standing requirements. Furthermore, *Warth v.*

1

*Seldin*, 422 U.S. 490 (1975), underscores that statutory violations affecting defined classes—like Petitioners under Pennsylvania election law—establish sufficient standing, especially in cases involving public interest.

1.3. **Incorporation of Recent Jurisprudence**: The District Court's decision conflicts with recent jurisprudence advocating for precise statutory interpretation in public interest cases, particularly those involving election oversight and integrity. The failure to consider Pennsylvania statutory provisions supporting Petitioners' standing undermines both state and federal legal standards, necessitating review.

## 2. Misinterpretation of Federal Jurisdiction and Private Right of Action Doctrine

2.1. **Substantial Federal Questions under 28 U.S.C. § 1331**: The District Court misinterpreted federal jurisdiction by dismissing Petitioners' claims based on a lack of a private right of action under the **Help America Vote Act (HAVA)**. Although HAVA may not provide an explicit private right of action, Petitioners raise **substantial federal questions** concerning election standards and constitutional due process under **28 U.S.C. § 1331**.

2.2. **Constitutional Implications under the Fourteenth Amendment**: The issues presented involve constitutional rights, particularly Fourteenth Amendment due process protections. The U.S. Supreme Court, in cases like *Anderson v. Celebrezze*, 460 U.S. 780 (1983), and *Burdick v. Takushi*, 504 U.S. 428 (1992), has confirmed federal jurisdiction over state election procedures when these rights are implicated. Defendants' alleged non-compliance with federal standards—specifically **52 U.S.C. § 21081** concerning election equipment integrity and security—creates a federal issue that the District Court erroneously disregarded.

2.3. **Failure to Address Defendants' Non-Compliance with Federal Standards**: Defendants' MTD neglected to address substantive allegations of non-compliance with certification, secure build validation, and logic and accuracy testing requirements. This omission, coupled with the District Court's failure to consider these allegations, underscores the necessity for federal review to ensure adherence to federal election standards and due process protections.

## 3. Failure to Address Violations of Federal Election Standards and Due Process Implications

3.1. **Unaddressed Claims of Federal Non-Compliance**: Petitioners alleged specific violations of federal standards under **52 U.S.C. § 21081**, yet Defendants failed to refute these claims, and the District Court neglected to address them.

Petitioners' claims implicate critical federal standards for election equipment, testing, and certification, directly impacting election integrity and public confidence.

3.2. **Due Process Concerns and Equal Protection**: The lack of adherence to federally mandated standards compromises the integrity of the election process, raising due process and equal protection concerns under the Fourteenth Amendment. In *Bush v. Gore*, 531 U.S. 98 (2000), the Supreme Court underscored the importance of procedural fairness in election practices. By failing to address these federal requirements and constitutional implications, the District Court overlooked a key aspect of Petitioners' claims, warranting appellate review and correction.

**4. Denial of Procedural Fairness by Dismissing Without Leave to Amend**

4.1. **Procedural Rights of Pro Se Litigants under Federal Law**: The District Court's dismissal without granting leave to amend contradicts established protections for pro se litigants. Under *Haines v. Kerner*, 404 U.S. 519 (1972), pro se filings should be liberally construed, particularly in cases of constitutional and public significance. Denying Petitioners the opportunity to clarify or strengthen their claims prematurely curtailed procedural fairness.

4.2. **Federal Rule of Civil Procedure 15(a)(2) Standard**: **Federal Rule of Civil Procedure 15(a)(2)** states that leave to amend should be "freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court emphasized that denial of leave to amend is inappropriate when plaintiffs seek to clarify valid claims. The District Court's refusal to allow amendment foreclosed a fair examination of substantive claims, denying Petitioners due process.

**5. Relief Requested**

5.1. **Request for Decision on the Briefs without Remand**: Petitioners respectfully request that the Third Circuit issue a decision based on the briefs and the comprehensive record provided. Given the clarity of legal errors and established precedent, a remand is unnecessary; this Court is well-positioned to address the issues and issue a ruling based on the merits of the arguments and procedural record.

5.2. **Availability for Immediate Oral Arguments**: Should the Court deem oral argument beneficial, Petitioners are prepared to appear promptly to further clarify these points and answer any questions regarding standing, federal jurisdiction, and due process implications.

**Conclusion**

For the reasons stated, Petitioners respectfully request that the appellate court reverse the District Court's dismissal, acknowledge Petitioners' standing based on Pennsylvania law, recognize the substantial federal questions and due process claims, and, if necessary, remand for further proceedings with instructions for the District Court to allow leave to amend. However, Petitioners believe this Court has sufficient information to issue a ruling on the merits directly, ensuring prompt resolution.

Respectfully submitted,
**/s/ Gregory Stenstrom**
Co-Petitioner-Appellant, filing on behalf of all Petitioners
1541 Farmers Lane
Glen Mills, PA 19342
Phone: 856-264-5495
Email: gstenstrom@xmail.net

## VERIFICATION

I, Gregory Stenstrom, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Date**: November 11, 2024
**Signature**: */s/ Gregory Stenstrom*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, November 11, 2024, a true and correct copy of the foregoing 1925(b) Statement was served on all parties to this action via electronic filing and certified mail, addressed as follows:

1. **Delaware County Board of Elections**
   201 W Front St
   Media, PA 19063

**Signature**: */s/ Gregory Stenstrom*
**Date**: November 11, 2024